BALL v. McDUFFIE et al.    (No. 2033.)

(Court of Civil Appeals of Texas. Texarkana. May 30, 1919. Rehearing Denied June 19, 1919.)

1. APPEAL AND ERROR 1052(8)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

.Any error in admitting abstract of records destroyed by fire is harmless where, if admitted, there was not sufficient evidence to authorize a recovery by plaintiff who offered them.

2. BOUNDARIES 33 — ESTABLISHMENT — BURDEN OF PROOF.

In action to establish boundary line, plaintiff has the burden of showing not only title, but that boundary line was where he claimed it to be on the ground.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by S. C. Ball against J. C. McDuffie and others. From a judgment entered on directed verdict for defendants, plaintiff appeals. Affirmed.

Mahaffey, Keeney & Dalby, of Texarkana, and J. B. Manning, of New Boston, for appellant.

King & Estes and C. A. Wheeler, all of Texarkana, for appellees.

WILLSON, C. J. The suit was by appellant to establish the boundary line between land he claimed to own on the John Ball survey in Bowie county and land appellees owned on said survey. After hearing the testimony the trial court instructed the jury to find in favor of appellees, and, the jury having so found, rendered judgment in their favor.

[1, 2] The complaint here is that the trial court erred: First, in excluding as evidence an abstract from records of Bowie county (shown to have been destroyed by fire) of a deed from D. Morris, administrator of John Ball, to Rice, Mason, and Tarrant, under whom appellant claimed; and second, in peremptorily instructing the jury as he did.

As we view the record it is not necessary, in disposing of the appeal, to determine whether the trial court erred when he excluded the abstract; for, had he admitted it, and had it been sufficient, when considered in connection with other evidence, to show title in appellant to land on the Ball survey, the court nevertheless should have instructed the jury as he did. The burden was on appellant to prove, not only that he had title to the land he claimed, but also that the boundary line thereof in question between him and appellees was where he claimed it to be on the ground. Appellant has not referred us to any evidence in the record, and we have not found any therein, which would have enabled the jury, had the case been submitted to them, to say where said land was located.

The judgment is affirmed.