**HANCOCK et al. v. BENNETT.**

No. 2890.

Court of Civil Appeals of Texas.
Waco.

May 11, 1950.

Rehearing Denied June 1, 1950.

Carl Cannon, Groesbeck, L. M. Seay, Groesbeck, for appellants.

W. W. Mason, Mexia, Bradley & Geren, Groesbeck, for appellee.

HALE, Justice.

Appellants sued appellee in trespass to try title for the recovery of a strip of land 11 varas wide and 1790 varas long. They alleged in substance that on April 16, 1949 they were the owners of 143.4 acres of land, hereafter referred to as the Hancock tract, which they described by metes and bounds; that appellee was the owner of 190.35 acres, hereafter referred to as the Bennett tract, situated immediately west of and contiguous to the Hancock tract, which they also described by metes and bounds; that the west boundary line of the Hancock tract was the east boundary line of the Bennett tract, the common boundary between the two tracts being 1790 varas in length; that on the above date appellee unlawfully entered upon and dispossessed appellants of their premises by encroaching across the common boundary line a distance of 11 varas upon the premises of appellants; and that appellee was in the act of building a fence 1790 varas in length situated 11 varas east of the true boundary line between the two tracts of land with the intent and purpose of appropriating the strip of land in controversy to his own use. Appellants prayed that they have judgment for the title and possession of the premises in dispute. Appellee answered the suit with a plea of not guilty.

The cause was tried before the court below without a jury. After appellants had introduced their evidence and rested their case, appellee moved the court to render judgment that appellants take nothing by their suit, on the ground that they had failed to show by their evidence that they were entitled to the relief which they sought. This motion was granted and judgment was accordingly rendered denying appellants the recovery sought by them. Under the several points in their brief appellants say in effect that the judgment appealed from should be reversed because the trial court erred in granting the motion of appellee for judgment and because the judgment as rendered does not dispose of the issues raised by the pleadings and evidence in that it does not locate the boundary line in dispute.

■ We think the burden rested upon appellants, in order to show themselves entitled to the relief which they sought in this cause, to prove by competent evidence that the west boundary line of the Hancock tract was also the east boundary line of the Bennett tract and to locate the true boundary line between the two tracts as specifically pleaded by them. If as a matter of law they conclusively discharged the burden of proof thus resting upon them, then the judgment appealed from should be reversed; on the other hand, if in law or in fact they failed to discharge such burden, as expressly found by the trial court, then the judgment should be affirmed. Leone Plantation, Inc., v. Roach, Tex.Civ. App., 187 S.W.2d 674.

In an effort to prove the existence of the facts alleged by them appellants introduced R. O. McBay, Wood Bennett and Reginald Hancock as witnesses. McBay testified in substance that he was a duly licensed land surveyor and had been such for more than 25 years; that he was familiar with the location of the two tracts of land involved in the suit and had made a survey of them on the ground for the purpose of locating the boundary line between the two tracts; and that he had made a plat which showed the results of his work and the location of the boundary line in dispute. The plat identified by him was introduced in evidence. The two tracts, as shown by the plat, were in the shape of a trapezoid, each being bounded on the north by what is known as the Datura road which extends in a straight line S. 87½ E. from the N.W. corner of the Bennett tract to the N.E. corner of the Hancock tract; thence along the east line of the Hancock tract S. 31 E. and S. 30½ E. and S. 30 E. to the S.W. corner of the Hancock; thence in an irregular general direction north of west to the S.W. corner of the Bennett; and thence N. 30 W. to the place of beginning. Some of the distances between the foregoing points of call are not shown on the plat that was introduced in evidence and we are unable to determine from the plat or the evidence concerning the same the exact amount of acreage in the Hancock tract. The boundary line between the two tracts, as located by the surveyor on the plat and as testified to by him in his oral examination, begins at a point in the south line of the Datura road which is 670.6 varas S. 87½ E. from what the surveyor regarded as the N.W. corner of the Bennett tract and extends thence S. 60 E. approximately 1790 varas to the south line of the two tracts.

McBay further testified that in his efforts to locate the boundary line in dispute he began at a point which he considered to be the N.W. corner of the Bennett tract and proceeded from that point 670.6 varas along the south line of the Datura road and found the new fence which was being erected by appellee at a distance of 10.8 varas further down the road. He also testified on cross-examination that he had made a prior survey of the Hancock tract in about the year 1942 and the field notes from which he made that survey called for the west line of the Hancock tract to run from its south-west corner to its north line on a course of N. 31 W. rather than N. 30 W.

After duly considering all the evidence introduced upon the trial we cannot say the same shows conclusively as a matter of law that there was a complete joinder of the Hancock and Bennett tracts or if so that the common boundary between the two tracts is situated along the line specifically

alleged by appellants and testified to by the surveyor. It appears from the testimony of the surveyor that if he had begun in his efforts to locate the boundary line at the point which he regarded as the N.W. corner of the Bennett tract and had proceeded from that point S. 87½ E. along the Datura road for a distance of 681 varas (instead of 690.6 varas) and thence S. 31 E. (instead of S. 30 E.) he probably would have come out at or near the S.W. corner of the Hancock tract as described in the field notes from which he made his survey in 1942. We do not find any clear explanation in the evidence as to why this change in course along the west boundary line of the Hancock tract was or should have been made.

Furthermore, even though Wood Bennett, Reginald Hancock and McBay each testified in effect that there was a fence along the west line of the Bennett tract which intersected the Datura road at a point they believed to be the N.W. corner of the Bennett tract, we do not think their testimony when considered in its entirety established conclusively the dependability of that point as a definite beginning point for the survey made by McBay in his efforts to locate the common boundary line, if any, between the two tracts. McBay admitted that he did not establish such beginning point by an actual survey thereof or by reference to any natural or artificial objects called for in the field notes to which he had access but that he relied, at least in part, upon the fence along what he supposed to be the west line of the Bennett tract. The validity of his conclusions as to the location of the boundary line about which he testified was necessarily dependent in part upon the accuracy with which he located the beginning point for his calculations. Hence, in our opinion, the evidence as a whole was limited in its probative force, if any, only to the extent of raising an issue of fact as to whether the boundary between the two tracts was situated along the line alleged by appellants. Boyt v. Weiser, Tex.Civ.App., 180 S.W.2d 953, er. ref.

It is readily apparent from the petition of appellants, as well as the evidence submitted in support of their pleadings, that the dominant purpose of their suit was to recover of and from appellee the title to and possession of a strip of land consisting of approximately 2½ acres situated along or near the west boundary line of the Hancock tract and the east boundary line of the Bennett tract. That was the relief and the only specific relief for which they prayed. As an incident to the recovery thus sought it was necessary under their pleadings for them to prove by a preponderance of evidence that they held a superior title to the strip of land placed in controversy by establishing a common boundary between the Hancock and Bennett tracts situated along the line alleged by them. Scott v. Pettigrew, 72 Tex. 321, 12 S.W. 161; Petty v. Paggi Bros. Oil Co., Tex.Com.App. 254 S.W. 565, pt. 4; Ball v. McDuffie, Tex.Civ.App., 212 S.W. 844; Proctor v. Miller, Tex.Civ. App., 273 S.W. 327. Appellee sought no affirmative relief, his sole plea being that of "not guilty." Since the trial court expressly found that appellants had failed to show by their evidence that they were entitled to the relief which they sought, it appears to us that the judgment of the trial court denying to appellants a recovery of the strip of land 11 varas wide and 1790 varas long effectively disposed of all the controlling issues raised by the pleadings and evidence in the case, regardless of whether the legal effect of the judgment was or was not to locate definitely the exact course and distance of the boundary line which appellants incidentally placed in issue.

Finding no reversible error in the record, all of appellants' points are overruled and the judgment of the court below is affirmed.