## BARTON v. KUEHNE et ux.
### No. 2917.

Court of Civil Appeals of Texas. Waco.
Oct. 26, 1950.

Rehearing Denied Nov. 22, 1950.

Bartlett & Bartlett, Marlin, for appellant.

Carter & Carter, Marlin, for appellees.

HALE, Justice.

Appellant sued appellees in trespass to try title for the recovery of a certain lot situated in Marlin, Texas. The lot was described by metes and bounds in the petition of appellant as being 166 feet in depth and 57½ feet in width fronting south on Coleman Street. Appellees answered with a disclaimer to the land sued for by appellant and described in her petition, "save and except any portion thereof which may be West of a point 57½ feet East of a point 315 feet West of the intersection of the

West line of Gresham Street with the North line of Coleman Street in the City of Marlin" and subject to such disclaimer they answered further with a general denial and a plea of not guilty. The case was tried before a jury on the issues, if any, thus joined by the pleadings. Upon the conclusion of the evidence appellant seasonably moved the court to instruct the jury "to return a verdict in her favor establishing the true boundary line between her and defendant as beginning at the point marked B on plaintiff's Exhibit 15, and extending North 166 feet from such point", for reasons set forth in her motion. The court overruled appellant's motion for a peremptory instruction and submitted the case to the jury on certain special issues. The jury answered each of the submitted issues against the contentions of appellant and thereupon the court rendered judgment in favor of appellant for the property as described by metes and bounds in her petition, save and except any portion thereof as designated in appellees' plea of disclaimer and decreeing that appellant take nothing by her suit as to any portion of the lot sued for which may lie within such designated exception.

Under the first point in her brief appellant says the court below erred in overruling her motion for a peremptory instruction. On the other hand, appellees say the evidence adduced upon the trial of the case raised fact issues as to the true location of the boundary line in controversy and hence its location was properly a jury question.

The evidence in the case discloses that Herman Kirkpatrick, a common source of title between the parties to this suit, conveyed to James A. Kirkpatrick on March 16, 1940 a lot 166 feet in depth and 115 feet in width fronting south on Coleman Street. The lot thus conveyed was described generally as being the east one-half of a certain lot referred to in a prior deed of conveyance dated January 5, 1905, and specifically as beginning at the southeast corner of the adjoining west one-half for the southwest corner of the east one-half therein conveyed; thence north with the east line of the adjoining lot 166 ft.; thence east 115 ft.; thence south 166 ft.; and thence west along the north line of Coleman Street to the place of beginning. The west one-half of the lot referred to in the prior deed of January 5, 1905 was conveyed to Chas. F. Eddins on September 8, 1908 and was owned and occupied continuously thereafter by Eddins until the time of his death and by his surviving widow up until the time of the trial in this case.

Sometime in June of 1943 James A. Kirkpatrick negotiated a sale of the property which he had acquired from Herman Kirkpatrick and in connection therewith he secured the services of W. W. Hunnicutt, County Surveyor of Falls County, to make a survey of the property. Hunnicutt went upon the ground, surveyed the property and established its corners in relation to the intersection of Coleman and Gresham Streets. The field notes made by Hunnicutt in this survey were used in the deed from James A. Kirkpatrick to O. O. Smith. The property was described generally in this deed as being the same lot conveyed by Herman Kirkpatrick to James A. Kirkpatrick by deed dated March 16, 1940, and specifically as "beginning at the S. W. corner of the James A. Kirkpatrick lot in the north edge of Coleman Street 315 feet west from the intersection of the West edge of Gresham Street with the North edge of Coleman Street; thence North 166 feet to corner in the South edge of 20 foot alley; thence East with edge of alley 115 feet to corner; thence South 166 feet to corner in the North edge of Coleman Street; thence West with the edge of Coleman Street 115 feet to the place of beginning."

Thereafter, on September 2, 1943, O. O. Smith conveyed to C. R. Eddins the east one-half of the lot conveyed to Smith by James A. Kirkpatrick, describing the same by metes and bounds as "beginning at a point in the north line of Coleman Street 57½ feet east of the S. W. corner of the lot above mentioned; thence east with the north line of Coleman Street about 57½ feet to the S. E. corner of the lot conveyed to O. O. Smith; thence north with the east line of said lot 166 feet to the N. E. corner

of said lot; thence west with the north line of said lot about 57½ feet to a point 57½ feet east of the N. W. corner of the Smith lot; thence in a southerly direction 166 feet to the place of beginning."

On November 26, 1943, O. O. Smith conveyed to appellees a lot 166 feet in depth by 57½ feet in width beginning for its S. W. corner at a point in the north line of Coleman Street 315 feet west from the intersection of the west line of Gresham Street with the north line of Coleman Street; thence N. 166 ft.; thence E. 57½ ft.; thence S. 166 ft.; and thence W. with the north line of Coleman Street 57½ ft. to the place of beginning. Through mesne conveyances the title to the property as described in the deed from O. O. Smith to C. R. Eddins under date of September 2, 1943, became vested in appellant by a proper deed dated December 6, 1947.

Appellant introduced two photographs in evidence which were duly identified and marked as exhibits 14 and 15, respectively. Exhibit 14 depicted two houses with a fence between them. One of these houses was situated upon the property where Mrs. Chas. F. Eddins had resided since 1908 and the other house was situated upon the property which was conveyed to appellees by O. O. Smith. The fence between the two houses, if projected in a straight line, would have intersected the adjacent sidewalk in front of the properties at a point marked "A" on exhibit 14 which point was also in line with a substantial "crack" or drop in the elevation of a portion of the sidewalk. Exhibit 15 depicted two houses with a driveway and a fence between them. One of these houses was situated upon the property which Smith conveyed to appellees and the other house was situated upon the property which was conveyed to appellant in 1947. The fence between these two houses, if projected in a straight line, would have intersected the adjacent sidewalk at a point marked "C" on appellant's exhibit 15. This exhibit is also marked with a "B" in the sidewalk. The distances from the point marked "A" in exhibit 14 to the points marked "B" and "C" in exhibit 15 are 57½ feet and 61½ feet, respectively.

The undisputed evidence showed and appellees admitted that the old fence along the east line of the property owned by Chas. F. Eddins had been recognized by all interested parties as the true boundary line between the Eddins property and that which adjoined it on the east from the time when Eddins acquired his property in 1908 until the survey was made by Hunnicutt in 1943. Hence appellant contends, as we understand her arguments, that the true southwest corner of appellees' lot is located at the point marked "A" on her exhibit 14, even though such point may be 319 feet west of the intersection of the west line of Gresham Street with the north line of Coleman Street, and consequently she insists that the true boundary line between her property and that of appellees should be established along a line running north from a point in the north edge of Coleman Street which is, or may be, 261½ feet rather than 257½ feet west from the intersection of the latter street with Gresham.

In response to the issues submitted to them, the jurors found that the true southwest corner of appellees' lot is not located at the point marked "A" on appellant's exhibit 14, but that the true southwest corner of said lot is located at a point 315 feet west of the intersection of the west line of Gresham Street with the north line of Coleman Street as established by the surveyor, Hunnicutt; that James A. Kirkpatrick and O. O. Smith recognized the survey made by Hunnicutt as being the correct description of the property conveyed by Kirkpatrick to Smith; and that appellees relied upon the survey made by Hunnicutt for the location of the southwest corner of their lot when they purchased the same from Smith.

Under the entire record before us, we cannot say the court below erred in overruling appellant's motion for a peremptory instruction or in rendering the judgment of which complaint is here made. We are in full accord with the settled rule of law to the effect that a line may be established as a true boundary line of a tract of land by recognition and acquiescence of such line as the true boundary line by all

interested parties for a sufficient length of time; but we do not think such rule is of controlling effect in its application to the evidence in this case. The ultimate boundary issue, if any, to be adjudicated under the pleadings and evidence in this case is the location of the east boundary line of appellees' lot and not the west boundary line thereof. Indeed, the location of the west boundary line of appellees' lot could not be adjudicated and established in this case so as to become binding upon the adjoining property owner to the west for the patent reason that such property owner is not a party to this suit. It is also apparent that the location of the east boundary line of appellant's lot, if there should be any controversy with respect thereto, could not be established in this case because the adjoining property owner to the east of appellant is not a party to this suit. The evidence in the record would doubtless warrant the conclusion that there is, or by actual measurement may be, an extra or excess strip of approximately four feet of ground somewhere between what appears to be the true southeast corner of the tract conveyed to Chas. F. Eddins in 1908 and the intersection of Coleman and Gresham Streets, but we cannot say as a matter of law where such excess, if any, may be or who the rightful owner thereof might be at this time.

■ Without further statement or discussion relating to appellant's first point of error, it must suffice to say that in our opinion the evidence in the case was sufficient to sustain the findings of the jury and to warrant the trial court in rendering the judgment under review. Our conclusion is based in part upon prior holdings in the following cases cited by appellees. Blumberg v. Mauer, 37 Tex. 2; Johnson v. Archibald, 78 Tex. 96, 14 S.W. 266; Cullers v. Platt, 81 Tex. 258, 16 S.W. 1003; State v. Sullivan, 127 Tex. 525, 92 S.W.2d 228; Blake v. Pure Oil Co., 128 Tex. 536, 100 S. W.2d 1009.

■ By additional points in her brief, appellant complains of certain rulings in the court below with respect to the admissibility of evidence offered during the trial.

The conveyance from O. O. Smith to C. R. Eddins under date of September 2, 1943, was evidenced by a special warranty deed reciting a consideration of $1 and other considerations. After appellant had introduced this deed in evidence as a muniment in the chain of title relied upon by her, she offered to prove by the parol testimony of Mrs. C. R. Eddins that this deed was executed and delivered for the sole purpose of correcting an error in a prior deed by which she and her husband had conveyed this property to Herman Kirkpatrick through mistake. Appellees objected to the tesitmony upon the grounds, among others, that it had no bearing upon the issues involved in this suit, that no attack was being made upon appellant's asserted chain of title in so far as consideration therefor is concerned, and upon the further ground that neither Mrs. Eddins nor O. O. Smith was a party to this suit. The court sustained the objections of appellees and appellant excepted. Although parol testimony is competent and admissible under proper circumstances to show the real or true consideration for the execution and delivery of a deed reciting $1 and other considerations, we cannot say the ruling of the trial court here complained of constituted reversible error under all the circumstances shown by this record. We do not think the excluded testimony tended to shed any light upon the controlling issue or issues involved in this suit. Assuming, however, without deciding that the excluded testimony should have been admitted, we fail to see how its exclusion could have had any material effect or bearing upon the outcome of this litigation. We have reached the same conclusion with respect to the other complaints urged against the rulings of the trial court on the admissibility of evidence. Therefore, all of appellant's points in that regard are overruled. Rule 434, Texas Rules of Civil Procedure.

■ Under other points in her brief, appellant says the charge of the court to the jury was erroneous in certain respects. The record before us fails to show that appellant interposed any specific objection to the court's charge until she filed her

motion for a new trial. Having failed to interpose any timely objection to the charge, appellant thereby waived her right to make any complaint with respect thereto. Rule 274, T.R.C.P.; Bluebonnet Life Ins. Co. v. Connaway, Tex.Civ.App., 183 S.W.2d 1015, pt. 5; Larson v. Ellison, 147 Tex. 465, 217 S.W.2d 420, pt. 2.

Finding no reversible error in the record, all of appellant's points are overruled and the judgment of the trial court is affirmed.

TIREY, J., took no part in the consideration or disposition of this cause.