## GILL v. GRIMES et ux.
### No. 2959.

Court of Civil Appeals of Texas. Waco.

April 19, 1951.

Doyle Pevehouse, Corsicana, for appellant.

J. C. Jacobs, Corsicana, for appellees.

HALE, Justice.

This proceeding grew out of a dispute over the boundary line between Lots 10 and 11 in Block 370 of the City of Corsicana. Appellees instituted the suit as an action in trespass to try title against appellant, alleging that they were the owners of Lot 11 which they described by metes and bounds. Appellant answered with a plea of not guilty and a denial that he had encroached upon any part of Lot 11, alleging that he was the owner of Lot 10 which he described by metes and bounds. The case was tried before the court below without a jury and resulted in judgment establishing the true boundary between the lots along the line contended for by appellees.

The evidence in the case shows that the title of each party is deraigned from Dan P. Hartzell who, in 1875, placed of record a map of Hartzell Addition which was prepared by A. S. Howren as County Surveyor of Navarro County. This map shows that Block 10 (which is now designated as Block 370 on the official map of the City of Corsicana) was divided into 14 lots of equal size, being numbered from 1 to 14 inclusive. The map does not give any calls or dimensions of the lots and it does not show any natural or artificial objects, but it does show that the south line of the block was located parallel with and 60 feet north of the south line of the Jesus Ortez Survey and that Ortez Street (now West 13th Avenue on the official map of the City of Corsicana) was dedicated as a street 60 feet wide, being the south 60 feet of the Ortez Survey. Block 370 in the City of Corsicana, according to the official map of the City, is bounded on the north by West 11th Avenue, on the south by West 13th Avenue, on the east by South 15th Street and on the west by South 16th Street. Lots 1 to 7 inclusive front east on South 15th Street and extend in their ascending numerical order from West 11th Avenue to West 13th Avenue. Lots 8 to 14 inclusive front west on South 16th Street and extend in their ascending numerical order from West 13th Avenue on the south to West 11th Avenue on the north.

Appellees acquired the title to Lots 11, 12 and 13 in Block 370 of the City of Corsicana by deed dated July 2, 1945. Since that time they have occupied the premises as their homestead, the residence in which they live being located on Lot 13. Appellant acquired the title to Lot 10 in Block 370 of

the City of Corsicana by deed dated September 11, 1947 and since that time he and his wife have occupied such premises as their homestead. After the dispute arose over the boundary line between the properties of the parties, appellees secured the services of Wm. V. Mowlam, County Surveyor of Navarro County, to make a survey of Lot 11 for them and appellant secured the services of Ernest Fletes, County Surveyor of Freestone County, to make a survey of Lot 10 for him. Each surveyor went upon the ground and made the survey he was employed to make and each testified fully and in detail upon the trial as to the results of his work. Appellees rely upon the testimony of the witness Mowlam and appellant relies upon the testimony of the witness Fletes as the proper basis for locating the true boundary line in dispute.

At the request of appellant the trial court filed his findings of fact and conclusions of law. The court found, among other things, that "the witness, Wm. V. Mowlam, followed in the footsteps of A. S. Howren, the original surveyor, who laid out the Hartzell Addition by beginning on the South line of the Jesus Ortez Survey, then measuring 60 feet to the North to locate the South boundary line of Block 370, and then proceeding to lay off fifty-foot lots Northward from said line"; that "the witness, Ernest Fletes, did not follow in the original footsteps of the original surveyor because he used as a starting point a stake set by Surveyor Douglas in 1946 and a stake set at the Northwest corner of Block 370 placed by Mowlam, rather than 350 feet as indicated by measurements from the Howren map"; that "Lot No. 10 of said block, the property of defendant, had been previously surveyed, and an iron stake set at the Southeast corner of defendant's lot coincides with the Southeast corner of said lot as located by Mowlam"; and that "the garage and driveway of defendant are not located on his 50′ x 150′ lot if the location of Lot No. 10 as fixed by Fletes is accepted". The court concluded that appellees were entitled to recover Lot 11 as described by metes and bounds in their trial petition "because such description places said Lot No. 11 in the

same position as shown on the map of A. S. Howren, the original surveyor who subdivided said block into lots."

Under the four points upon which his appeal is predicated, appellant says the trial court erred in each of the foregoing findings of fact. As we understand his brief, he contends in substance that it was impossible for Mowlam to follow in the footsteps of the original surveyor Howren, or to establish the true location of the south line of West 13th Avenue or of the Ortez Survey without surveying the entire City of Corsicana, and that the evidence was insufficient to sustain any of the findings of which he complains or the judgment based thereon. In passing upon these contentions we must bear in mind the cardinal rule of following in the footsteps of the original surveyor, if that can be ascertained, when attempting to locate the true line of a survey. Where that cannot be done with reasonable certainty, all the surrounding facts and circumstances should be considered in order to arrive at the purpose and intent of the surveyor who made the original survey. State v. Sun Oil Co., Tex. Civ.App., 114 S.W.2d 936 (er. ref.); State v. Humble Oil & Ref. Co., Tex.Civ.App., 128 S.W.2d 424 (er. ref.); Hart v. Greis, Tex.Civ.App., 155 S.W.2d 997 (er. ref. w. m.); Phillips v. Stanolind Oil & Gas Co., Tex.Civ.App., 170 S.W.2d 802 (er. ref.); Leone Plantation, Inc., v. Roach, Tex.Civ. App., 187 S.W.2d 674 (er. ref. w. m.); Gill v. Peterson, 126 Tex. 216, 86 S.W.2d 629 (Tex.Com.App.).

We think the evidence as a whole shows with reasonable certainty that the south line of West 13th Avenue as it exists on the ground at this time coincides with the south line of the Hartzell Addition as it was surveyed and platted by A. S. Howren in 1875 and that both of these lines are coincident with the south line of the original Ortez Survey. Mowlam testified in substance that in making his survey of Lot 11 he attempted to follow in the footsteps of Howren by taking the south line of the Ortez Survey as a beginning point for his survey, that being the south line of the Hartzell Addition and of West 13th Avenue, then measured

60 feet north for the width of West 13th Avenue and thence north along the east line of South 16th Street a distance of 150 feet for the northwest corner of Lot 10 and the southwest corner of Lot 11; and that he proceeded in such manner because the south line of the Ortez Survey was the only monument, object or call to which he could go in his efforts to follow in the footsteps of Howren. Fletes testified in effect that he took as the beginning point of his survey of Lot 10 an iron stob which was supposed to have been placed by O. Douglas, a civil engineer, at the northwest corner of Block 370 in the year 1946, then measured south along the east line of South 16th Street a distance of 200 feet for the southwest corner of Lot 11 and the northwest corner of Lot 10. It is obvious that if Fletes began his measurements from the true northwest corner of Block 370, then the west line of said block must be in excess of 350 feet in length. Fletes did not continue his measurements on to the southwest corner of Block 370, but Mowlam did continue his measurements on to the northwest corner of the block and found an excess which he testified had been under fence as a part of Lot 14 for more than twenty years. This excess undoubtedly accounts for the discrepancy between the results of the surveys made by Mowlam and Fletes, respectively.

If the evidence did not show conclusively as a matter of law that the true boundary between Lots 10 and 11 was along the line established by the survey of Mowlam and not along the line established by the survey of Fletes, we are of the definite opinion that the evidence as a whole was sufficient to raise a fact issue for the determination of the trial court as to whether the line established by the survey of Mowlam was the true boundary line between the lots. Hancock v. Bennett, Tex.Civ.App., 230 S. W.2d 328; Barton v. Kuehne, Tex.Civ. App., 234 S.W.2d 84.

■ Since the trial judge found all of the controlling issues of fact raised by the evidence in such manner as to support the judgment appealed from, appellant's points of error are overruled and the judgment of the court below is affirmed.