Glenn A. WOMACKS et ux., Appellants,

v.

Luke E. HORNE et ux., Appellees.

No. 3437.

Court of Civil Appeals of Texas.

Waco.

March 28, 1957.

J. Alex Blakeley, Dallas, for appellant.

Leachman, Gardere, Akin & Porter, Dallas, for appellee.

McDONALD, Chief Justice.

Plaintiff Womacks sued defendant Horne for damages occasioned by a collision between the automobiles driven by plaintiff and defendant. Trial was to a jury, which, in answer to special issues, found defendant guilty of several acts of negligence, and that such acts were all proximate causes of the collision. The jury further found that plaintiff: 1) failed to keep a proper lookout, and that such failure was a proximate cause of the collision; 2) moved her vehicle left upon the roadway at a time when such movement could not be made with safety, and that such was a proximate cause of the collision. The Trial Court, upon such jury verdict, entered judgment that plaintiff take nothing.

Plaintiff appeals, contending that the Trial Court erred 1) in refusing to instruct the jury not to consider the statement of the witness Cooksey, "that speed in his opinion had nothing to do with the accident"; 2) in submitting Issue 6a over plaintiff's objection, and that the jury's answer to such issue is against the great weight and preponderance of the evidence; 3) in submitting Issue 8a over plaintiff's objection and that the jury's answer to such issue is against the great weight and preponderance of the evidence; 4) in submitting Issue 8 over plaintiff's objection and that the jury's answer to such issue is against the great weight and preponderance of the evidence.

We revert to plaintiff's 1st point, that the Trial Court erred in refusing to instruct the jury to disregard the statement of the witness Cooksey, "that speed in his opinion had nothing to do with the accident." The witness Cooksey was a police officer of the City of Dallas whose job it was to investigate accidents, and he investigated this accident. He was placed on the stand by plaintiffs. Cooksey testified twice that in his opinion speed had nothing to do with the accident. The first time he so testified no objection was made by plaintiff's attorney. The second time he testified the plaintiff's attorney objected to the testimony and moved that the testimony be stricken, which objection was by the Trial Court overruled. The jury thereafter found defendant to have travelled at a greater rate of speed than prudent under the circumstances and that such was a proximate cause of the collision. Since the complained of testimony is previously in the record without objection, and since the jury disbelieved the testimony anyhow and convicted the defendant of driving at an excessive rate of speed and found that such was a proximate cause of the accident, such testimony, if improper, is harmless under the application of Rule 434 Texas Rules of Civil Procedure. (No judgment shall be reversed on the ground that the Trial Court has committed an error of law unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the complaining party's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.) See also: Tex.Jur. 3B, pp. 664 and 666; Rowan & Hope v. Valadez, Tex.Civ. App., 258 S.W.2d 395, Er.Ref.; Luck v. Buffalo Lakes, Inc., Tex.Civ.App., 144 S.W.2d 672, Er.Dis. judgment correct; Powell v. Whited, Tex., 285 S.W.2d 364; Texas & N. O. R. Co. v. Landrum, Tex.Civ.App., 264 S.W.2d 530, Writ Ref. NRE; Hooper v. Courtney, Tex.Civ.App., 256 S.W.2d 462.

Plaintiff next complains that the Trial Court erred in submitting Issue 6a over plaintiff's objection, and further that the jury's answer to such issue is against the great weight and preponderance of the evidence.

Special Issue 6 found that plaintiff had failed to keep a proper lookout. Special Issue 6a found that such failure by plaintiff to keep a proper lookout was a proximate cause of the collision between plaintiff and defendant.

■ Since plaintiff makes no showing that timely and proper objection was made to the submission of Issue 6a he cannot now be heard to complain of its submission. Rule 272 T.R.C.P.; Hughes v. Belman, Tex.Civ.App., 239 S.W. 717, Er.Ref.NRE; Blue Bonnet Life Ins. Co. v. Connaway, Tex.Civ.App., 183 S.W.2d 1015; Stayton v. Contreras, Tex.Civ.App., 150 S.W.2d 342, Writ.Ref. judgment correct.

■ It only remains to determine if the evidence is sufficient to sustain the jury's answer and finding. The record reflects that both vehicles were travelling in the same direction and that the collision occurred near the intersection of American Way and Camp Wisdom Road. Defendant's vehicle came upon plaintiff's vehicle from the rear. Plaintiff testified she saw defendant's vehicle when it topped the hill behind her at a distance of 400 and 500 feet. At that time plaintiff was about 50 or 75 feet from the intersection. Plaintiff testified the next time she saw defendant's car, she glanced up and saw same after defendant honked her horn. At this time defendant was about 150 feet to her rear. However, plaintiff had begun to make a left turn into the intersection and had gotten her left front wheel over the center of the highway before she heard the honking horn. Defendant's car was entirely on the left side of the road when its driver honked the horn. The two cars were the only cars on the highway. The jury found that plaintiff failed to keep a proper look-

out, and plaintiff makes no complaint of the sufficiency of the evidence to support this finding, plaintiff's complaint being toward the sufficiency of the evidence to establish that failure to keep a proper lookout under the circumstances was a proximate cause of the collision. The collision occurred when defendant was attempting to pass plaintiff and plaintiff was attempting to make a left-hand turn. Plaintiff could have seen defendant on the lefthand side of the road preparing to pass had plaintiff been keeping a proper lookout. In considering whether there is sufficient evidence to support a jury's finding on particular issues, the reviewing court must view the evidence in the light most favorable to the verdict, must disregard all adverse evidence thereto, and indulge every legitimate favorable conclusion which tends to support the jury's finding. Meadowlake Foods, Inc., v. Estes, Tex.Civ.App., 218 S.W.2d 862, Er.Ref.; Chesshir v. Nall, Tex.Civ.App., 218 S.W.2d 248, Er.Ref.NRE; Borho v. Austin Laundry & D. C. Co., Tex.Civ.App., 260 S.W.2d 110, Er.Ref.NRE; Goree v. Hansen, Tex. Civ.App., 214 S.W.2d 824; Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972.

■ Applying the foregoing rules to the record recited, we think the evidence is ample and sufficient to sustain the jury's finding that plaintiff's failure to keep a proper lookout was a proximate cause of the collision.

■ Plaintiff's 3rd and 4th contentions are levelled at the alleged error of the Trial Court in submitting Issues 8 and 8a, and that the evidence is insufficient to sustain the findings of the jury. Issue 8 found that plaintiff moved her vehicle to the left upon the roadway at a time when such movement could not be made with safety; Issue 8a found that such action was a proximate cause of the collision. Without detailing the evidence, we suffice it to say that after a careful review of the record we think that the issues were raised and that the evidence is sufficient to support these two findings.

All of plaintiff's points and the contentions made thereunder have been carefully considered and are deemed not to present reversible error.

The judgment of the Trial Court is therefore

Affirmed.