**M. Jay McSWEEN, Jr., Appellant,**

v.

**Miller DANIEL, Appellee.**

No. 7367.

Court of Civil Appeals of Texas.

Amarillo.

June 8, 1964.

Evans, Pharr, Trout & Jones, Lubbock, for appellant.

Brown & Shuman, Lubbock, for appellee.

NORTHCUTT, Justice.

With respect to the matters involved in this appeal as to McSween's claim we will use appellant's statement of the nature of the case. McSween brought suit against Miller Daniel, Big State Investment, Inc., Vernon McKaskle, W. K. McCall and Eddie Hunter for damages for actionable fraud under Article 4004 of the Texas Revised Civil Statutes in regard to transactions in stock in a corporation. McSween contended in consideration for plaintiff's selling his 1959 Cadillac to Miller Daniel Auto Corral on or about June 20, 1961, Eddie Hunter and Vernon McKaskle agreed to pay $1,500 in cash plus two hundred shares of stock at $10 a share in Big State Investment, Inc.; to sell a hundred shares for plaintiff within ninety days for a thousand dollars; to pay plaintiff whatever the 1959 Cadillac brought over $3,500 less what it cost to prepare it for sale and to sell plaintiff a new Cadillac at cost. Plaintiff contended he was to get a new Cadillac each year on turning in his old Cadillac at little or no additional cost from the earnings of the remaining hundred shares of stock. Appellant further contended McKaskle was at that time manager of Miller Daniel Auto Corral, a proprietorship owned by Miller Daniel, and McKaskle was president of Big State Investment, Inc. Appellant further contended he got the $1,500 cash, the two hundred shares of stock and the new Cadillac which was sold to him at or about cost.

The case was submitted to the jury upon special issues. By special issues one and two the jury found that Hunter promised McSween that he would sell one hundred shares of stock in Big State Investment, Inc. for McSween within ninety days from June 20, 1961, and that such promise was a material inducement to McSween to purchase such stock. In answer to special issue three the jury found that McSween would not have purchased said stock if said promise had not been made. By issue four the jury found Miller Daniel did not derive any benefit from such promise of Hunter. In answer to issues six, seven and eight the jury found Hunter promised McSween that by purchasing stock in Big State Investment Inc. McSween could get a new Cadillac each year at little or no additional cost and that such promise was a material inducement to McSween to purchase the stock and McSween would not have purchased said stock if said promise had not been made. The jury held by issue nine that Miller Daniel did not derive any benefit from such promise of Hunter.

Judgment by default was granted for McSween against Big State Investment, Inc., Eddie Hunter and Vernon McKaskle, individually and severally, but granted judgment that McSween recover nothing as against Miller Daniel and W. K. McCall. From that judgment McSween perfected this appeal as to Miller Daniel only and will hereafter be referred to as appellant. Miller Daniel will be referred to as appellee.

Appellant presents this appeal upon two assignments of error contending the verdict of the jury in answer to issues four and nine was contrary to the undisputed evidence and that the court erred in submitting issues four and nine to the jury in that the undisputed evidence was that Miller Daniel derived the benefit. Appellant did not in any manner object to the submission by the court of special issues four and nine. If there are facts justifying the submission of issues four and nine, the appellant waived his right to here complain because no objections were taken as to the submission of said issues. Rules 272 and 274. We are familiar with the rule that the court is required to submit only controverted issues. Coca-Cola Bottling Co. v. Krueger, Tex.Civ.App.1951, 239 S.W.2d 669; Great Southern Life Insurance Co. v. Benson, Tex.Civ.App.1959, 326 S.W.2d 5 (N.R.E.).

The issues submitted as to the representations as to the sale of the hundred shares of stock is based upon statements made by Hunter. Hunter was not shown to be an agent of appellee. The appellee testified he owned no interest whatever in Big State Investment, Inc. and knew nothing about any of the promises made to McSween and all that he had to do with McSween was to buy his Cadillac for $1,500 and sold McSween a new Cadillac for practically cost. Appellee admitted he made a profit on the Cadillac he bought for $1,500. Appellee paid appellant the $1,500 and appellant was in need of some cash and appellee also financed for appellant the entire purchase price of the new Cadillac purchased by appellant. There was no evidence to bring appellee under the terms of Article 4004 of Texas Civil Statutes. Loma Vista Development Co. v. Johnson, 142 Tex. 686, 180 S.W.2d 922.

We are of the opinion there was evidence denying appellee received any benefit from the promise or representations made by Hunter to justify the submission of issues four and nine and that the appellant waived any objections he might have had for not objecting to the submission of said issues. Womacks v. Horne, Tex.Civ.App.1957, 300 S.W.2d 765; Wilson v. King, Tex.Civ.App. 1958, 311 S.W.2d 957 (writ refused).

Judgment of the trial court is affirmed.