Nassar v. Cole 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-070-CV

Â Â Â Â Â MILAD NASSAR,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â PHYLLIS M. COLE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 234th District Court
Harris County, Texas
Trial Court # 90-56816
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

OPINION ON REHEARING
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â The jury found in Question 1 that Cole owned the disputed strip of property. Nassar
questioned in a motion for a new trial whether the evidence is factually sufficient to support this
finding and raised that same complaint in his third point of error. He correctly points out on
rehearing that we failed to dispose of this point in our original opinion.
Â Â Â Â Â Â In a factual-sufficiency challenge, the reviewing court must consider all of the evidence, both
for and against the finding. Lofton v. Texas Brine Corp., 720 S.W.2d 804, 805 (Tex. 1986). 
Because Cole had the burden of proof on the question, Nassar must establish on appeal that the
evidence supporting the finding of ownership is so weak as to be clearly wrong and manifestly
unjust. See Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).
Â Â Â Â Â Â Cole produced two surveyors who attested to the location of the common boundary line
between Nassar's and her property. Their surveys located the boundary generally along the line
of the chain-link fence that originally separated Cole's and Nassar's lots. One of Cole's surveys,
however, found that the original chain-link fence varied from the true property line at one point
by .35 feet. Cole testified that she had her property surveyed before purchasing it and that the
chain-link fence was located on the true boundary line. According to her, the chain-link fence had
stood on the true property line for at least thirty-five years. Nassar's surveyor, however, claimed
the true property line was located along the course of the new wooden fence. All of the surveyors
testified about the methodology they used to locate the disputed property line. To say the least,
the evidence relating to the accuracy of the competing surveys conflicted.
Â Â Â Â Â Â Nassar essentially argues that the evidence is factually insufficient to support the finding of
ownership in Cole because her surveyors did not attempt to "follow in the footsteps" of the
original surveyor or "seek the intent" of the original surveyor. See Howland v. Hough, 570
S.W.2d 876, 882 (Tex. 1978) (holding that subsequent surveyors should attempt to follow in the
footsteps of the original surveyor, if possible). All of the surrounding facts and circumstances
should be considered, however, if one cannot ascertain the original surveyor's true intent with
reasonable certainty. Gill v. Grimes, 238 S.W.2d 989, 990 (Tex. Civ. App.âWaco 1951, no
writ). 
Â Â Â Â Â Â All of the surveyors went into considerable detail about the methodology each used to locate
the disputed boundary lines. Cole's surveyors both criticized the survey prepared by Nassar's
surveyor. Cole's two surveys adhered closer to the original surveyor's lines than Nassar's. In
fact, the evidence showed that the lines found by Nassar's surveyor, if extended, would have
varied widely from the corners and monuments in the subdivision. Considering all of the
evidence, Question 1 is based on factually sufficient evidence. We affirm the judgment as
reformed. Otherwise, the motion for a rehearing is denied.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and 
Â Â Â Â Â Â Justice Vance
Affirmed; motion rehearing denied
Opinion delivered and filed April 28, 1993Â 
Do not publish



t-family:
"CG Times";text-transform:uppercase;letter-spacing:2.0pt'>



Â 








   I
write in response to Chief Justice GrayÂs dissenting opinion to point out that
the reason the majority could not Âcorrect or modifyÂ its opinion within the
thirty days allowed by Rule 50 was his delay in reviewing the opinion that was
proposed to ÂcorrectÂ our mistake.

Â Â Â Â Â Â Â Â Â  The
original opinion was issued on September 15, 2004.Â  The PDR
was filed on October 18.

Â Â Â Â Â Â Â Â Â  On
October 20, the Court of Criminal Appeals issued the opinion in Urias v. State, by a 7-2 vote, which
unmistakably held that the correct procedure after a failure ofÂ  a trial court to file findings of fact and
conclusions of law after ruling on the voluntariness of a statement is to
direct the trial judge to do so.Â  Urias v. State, 2004 WL 2347789, at *2 (Tex. Crim. App. October 20, 2004).Â  The
majority then believed that we had erred in relying on an earlier opinion that
suggested the contrary.Â  See State v.
Terrazas, 4 S.W.3d 720, 728
(Tex. Crim. App. 1999).Â  On October 25,
we approved an abatement order directing the trial judge to act, as the
Âcorrected or modifiedÂ opinion, and forwarded it to Chief Justice Gray for his
consideration.Â  When it had not been
acted on by the 30-day deadline provided for in Rule 50, November 17, we acted
to withdraw the incorrect opinion.Â  Tex. R. App. P. 50.

Â Â Â Â Â Â Â Â Â  A
similar situation presented itself in Parsons
v. State.Â  Parsons v. State, No. 10-03-00007-CR, 2004 WL 2005547 (Tex. App.ÂWaco September 8, 2004) (not designated for publication).Â  The original opinion was issued on June 23,
 2004.Â  The PDR, filed on July 20, called to our attention
a Court of Criminal Appeals case that we believed varied from our holding.Â  The majority approved a ÂcorrectedÂ opinion
and forwarded it to Chief Justice Gray for his consideration.Â  Shortly before the 30-day period in Rule 50
was to expire, I received a note from Chief Justice Gray, saying ÂI suggest
that you go ahead with the withdrawal.ÂÂ 
When we did, he dissented.Â  What
are we to do?

Â Â Â Â Â Â Â Â Â  I
believe that Rule 50 was designed to let us correct errors in our opinions that
are called to our attention in a PDR.Â 
Because no motion for rehearing is required before seeking further
review, Rule 50 is the vehicle provided.Â 
It makes little sense for a case which we believe contains an error to
be transmitted to the Court of Criminal Appeals, only to be reversed and
remanded to us to correct that error.Â 
When opinions designed to correct such an error do not receive timely
internal review, we have no choice but to withdraw our prior opinion so that we
can issue the corrected opinion in due course.Â 
Whether we Âcorrect or modifyÂ or withdraw and reissue at a later date,
the result is the sameÂthe purpose of the Rule has been fulfilled.Â  In either event, a new PDR is required to
address our new opinion.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  BILL
VANCE

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Concurring opinion delivered and
filed December 29, 2004