Donald COX et ux., Appellants,

v.

Binem CUKIER et al., Appellees.

No. 5633.

Court of Civil Appeals of Texas, Waco.

Aug. 19, 1976.

Daniel R. Rutherford, San Antonio, for appellants.

Richard Tinsman, Tinsman & Houser, Inc., San Antonio, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Cox from a take-nothing judgment against defendants Binem Cukier and Estera Cukier in an assault and battery case.

Plaintiffs Cox sued defendants Binem Cukier, Estera Cukier, and Morrie Cukier alleging plaintiff Bonnie Fay Cox was assaulted and battered by Estera Cukier and Morrie Cukier on March 31, 1973; that Estera Cukier and Morrie Cukier are the agents, servants, employees and the wife and son of Binem Cukier.

Defendants answered by general denial, and counterclaimed Bonnie Fay Cox had assaulted, battered and physically beat Estera Cukier.

Trial was to a jury which found:

1) Bonnie Fay Cox sustained injury as a result of an assault by Morrie Cukier.

2) $3000. will compensate Bonnie Fay Cox for her injuries.

3) Estera Cukier did not sustain injury as a result of an assault by Bonnie Fay Cox.

5) Morrie Cukier did not sustain injury as a result of an assault by Donald Cox.

7), 8) Bonnie Fay Cox is entitled to $4500. exemplary damages.

The trial court rendered judgment for plaintiffs Cox for $7500. against defendant Morrie Cukier; found that Morrie Cukier was not acting as agent of Binem and/or Estera Cukier; that neither were participating as principals in connection with the assault and battery on Mrs. Cox; and rendered judgment that plaintiffs take nothing against Binem and Estera Cukier.

Plaintiffs appeal on 2 points contending the trial court erred:

1) In failing to grant a joint and several judgment against all defendants.

2) In finding that Morrie Cukier and Estera Cukier were not acting as co-principals.

Donald Cox and his wife Bonnie Fay were resident managers of an apartment complex owned by Binem Cukier and wife Estera Cukier. Morrie Cukier the 19 year-old son of the Cukiers was a resident of the apartment complex. A dispute arose between Donald Cox and the Cukiers concerning the manager's salary, and on March 29, Cox told Mrs. Cukier she would have to get a new manager. While Mrs. Cukier was collecting rent in a tenant's apartment on March 31, 1973 Mrs. Cox entered and waived a proposed managerial contract in Mrs. Cukier's face, and demanded she read the proposed contract. Mrs. Cukier took the paper, and Mrs. Cox left the apartment. Thereafter at the entrance of the Cox apartment Mrs. Cox and Mrs. Cukier had a heated verbal exchange, in the course of which Mrs. Cox grabbed Mrs. Cukier by the blouse and shoved her. Mrs. Cukier began to cry and ran to the apartment of her 19 year-old son Morrie, and told him Mrs. Cox

had struck her and torn her blouse. Morrie became infuriated; Mrs. Cukier told him not to cause any trouble; and he said he would not. Morrie left his apartment, found Mrs. Cox in the courtyard, grabbed her arm, cursed her and demanded she apologize to his mother. Mrs. Cox apologized and Morrie returned to his apartment. Mrs. Cox told her husband what had happened when he came home, and Mr. Cox went to Morrie's apartment and hit Morrie once or twice. Others intervened and Mr. Cox returned to his apartment. The police arrived, but made no arrests.

Binem Cukier was not present at the apartment complex when the disturbance occurred. The evidence is undisputed that Binem Cukier and Estera Cukier did not personally assault and batter Mrs. Cox.

For Binem Cukier and Estera Cukier to be liable when they did not personally assault plaintiff they must be found to have given aid or encouragement of some kind to the actual participant. *Francis v. Kane,* Tex.Civ.App., NWH, 246 S.W.2d 279; *Walker v. Kellar,* CCA, Er.Ref., 226 S.W. 796.

The evidence is that Estera Cukier did not encourage her son to assault or batter Mrs. Cox, and in fact urged him not to cause any trouble.

If a fact issue was raised as to whether Mrs. Cukier aided, abetted or encouraged her son, plaintiffs waived same by not requesting issues on such. Rule 279 TRCP; *Don's Ambulance Service, Inc. v. City of San Antonio,* Tex.Civ.App., NWH, 526 S.W.2d 547.

There was no evidence that Morrie Cukier was an agent of or employee of Binem or Estera Cukier, and he was over 19 years of age.

Both plaintiffs' points are overruled.

AFFIRMED.