George **TAGGART** et al., Appellants,

v.

Thomas W. **CREWS**, Appellee.

No. 5623.

Court of Civil Appeals of Texas, Waco.

Oct. 28, 1976.

Rehearing Denied Nov. 26, 1976.

Perkins, Davis, Oden & Warburton, Homer E. Dean, Jr., Alice, for appellants.

Grose & Erck, Clyde L. Wright, Jr., Alice, for appellee.

## OPINION

McDONALD, Chief Justice.

Appeal by plaintiff Taggart, and Intervenor (plaintiff) Compton from a take-nothing judgment against defendant Crews, in Taggart's suit for specific performance of a contract for sale of land, and Compton's suit for real estate commission.

Taggart sued Crews alleging Crews or his agent Compton made Taggart an offer to sell 1965 acres of land for $135. per acre; that Taggart accepted such offer and tendered performance; that Crews refused to perform; that Taggart was beneficiary of a contract between Crews and real estate agent Compton; and prayed for specific performance of the contract.

Compton intervened as a plaintiff alleging he is a licensed real estate broker; that he entered a written contract with defendant Crews whereby he was authorized to sell Crews' 1965 acres of land to Taggart for $135. per acre; that Crews agreed to pay him a 3% commission; that Compton procured Taggart as purchaser; that Crews breached the contract and refused to sell to Taggart; and prayed for 3% commission plus attorney's fees.

Crews answered that his contract with Compton (Exhibit 4) was a listing contract to sell the land; that it was delivered to Compton subject to the occurrence of two expressed conditions precedent: 1) that the sale must be made with approval of his banker, and 2) with approval of his tax attorney; that Compton accepted delivery of such listing contract subject to such conditions precedent and with full knowledge of same; that such conditions precedent never occurred; and Crews is not liable to Taggart or to Compton.

Trial was to a jury which found among other matters:

Issue 15) Exhibit 4 was delivered conditioned upon the approval of Crews' Banker and Tax Attorney.

Issue 16) Crews' Banker and Tax Attorney did not approve the terms of the proposed sale.

The trial court rendered judgment on the verdict plaintiff Taggart and Intervenor Compton take nothing.

Taggart appeals on 11 points and Compton appeals on 21 points pertinent contentions of which are summarized:

1) The trial court erred in rendering judgment for Crews; and in admitting oral testimony that Crews delivered the real estate sales contract and listing agreement (Exhibit 4) conditioned upon the approval of his banker and tax attorney; in violation of the parol evidence rule and the Statute of Frauds.

2) The trial court erred in admitting testimony of Crews that his banker and tax attorney did not approve the terms of the letter offer of sale of May 1, 1973, because such testimony was hearsay.

3) There is no evidence to support the jury's answers to Issues 15, and 16; and/or such answers are against the great weight and preponderance of the evidence.

Compton is a real estate broker who specializes in farm and ranch sales. He testified he generally works off a letter listing agreement prepared by him and submitted to the land owner for acceptance. When Compton has a specific prospect in mind before he prepares the letter listing agreement, he usually writes the prospect's name in the letter listing agreement. Taggart contacted Compton in January, 1973, telling him he was interested in buying land. Compton learned Crews might sell his ranch in Duval County, and told Crews he had a prospect. Crews said he wanted $135. per acre. Compton showed the ranch to Taggart on April 30, 1973. Taggart told Compton and Crews he liked the ranch but had to get his partners' concurrence. Compton prepared a letter listing agreement dated April 27, 1973, providing for a 6% commission for Crews acceptance, but Crews told Compton "his banker told him he couldn't sell at that price and pay a commission." Compton then prepared Exhibit 4, (which Crews signed) and is as follows:

"Mr. Tom Crews May 1, 1973
1328 Lincoln Dr.
Alice, Texas 78332

Dear Mr. Crews:

This letter will confirm our agreement on a 60 day listing from May 1, 1973, for Compton & Compton Company, to sell 1965 acres * * in Duval County, owned by you, to George Taggart, III.

The sale price is $135. per acre, or a total price of $265,275. This is to be the cash price. Also this price is for surface only, no minerals or royalties go with this land.

Our sales commission will be the normal 3%. You will agree to furnish a policy of title insurance.

The 6 deer blinds go with the ranch, but farm implements * * * are not included.

Compton and Compton agree to use diligence to procure a purchaser according to terms hereof.

Sincerely,
Compton & Compton Accepted:
/s/ W. A. Compton, Jr.
W. A. Compton, Jr. /s/ Thomas W. Crews
 Tom Crews"

Taggart on May 8, 1973, advised Compton that he agreed to purchase the ranch on the terms contained in the letter; and on June 28, 1973 Taggart wrote Compton accepting the terms of the letter agreement of May 1, 1973; and advised Crews by telegram on June 29, 1973 that he was accepting the terms of the May 1, 1973 contract.

Crews refused to convey the property, and Taggart sued for specific performance of the May 1, 1973 letter contract, contending he was a third-party beneficiary of such contract; and Compton by intervention sued for asserted 3% commission.

The trial court permitted Crews to testify over objection that at the time he signed the May 1, 1973 letter listing contract, and many times prior to signing same, he told Compton that any sale made had to be 1) agreed to by his banker, and 2) by his tax attorney; and that any sale was conditioned on these two matters; that he told Compton when Compton was trying to get him to sign the listing agreement "it would have to be ok'd first by my banker and tax attorney"; and that these were the conditions under which he signed and delivered the agreement to Compton. Crews further testified that Mr. Wallace, his tax attorney or Mr. Goldapp his banker, did not at any time approve the sale or transaction.

The witness Priestly who was with Compton and Crews when they were discussing the sale of Crews' ranch, testified he heard Crews make conditions to Compton that his banker Mr. Goldapp and his tax attorney Mr. Wallace must approve before he could sell. Priestly further testified that these conditions "were apparent to Compton".

The evidence is ample to sustain the jury's findings 15) that Exhibit 4 was delivered conditioned upon the approval of Crews' Banker and Tax Attorney; 16) that Crews' Banker and Tax Attorney did not approve the terms of the proposed sale; and such findings are not against the great weight and preponderance of the evidence, In re Kings Estate, 150 Tex. 662, 244 S.W.2d 660.

Appellants assert evidence of the conditions of delivery were in violation of the Parol Evidence Rule and the Statute of Frauds; and that Crews' testimony that his banker and tax attorney did not approve the sale was hearsay.

Appellants cite Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515 for the rule: "In general, extrinsic evidence cannot be introduced to contradict or vary the intention of the parties as set out in the written contract by showing the existence of a prior or contemporary oral understanding contrary to the terms of the written contract," and assert such is controlling here.

But Denman v. Hall distinguishes the above rule from a conditional delivery, and cites with approval Farrar v. Holt, Tex.Civ. App., 178 S.W. 618, reciting: "Holt sued Farrar for commissions allegedly earned by procuring a purchaser for Farrar's homestead, on a written listing agreement, Farrar answered that when the contract was made and delivered it was specifically understood that it was not to become operative unless his wife consented, and that she did not agree to it. Pointing out that these allegations did not have the effect to modify or alter the terms of the written agreement, the court held that they presented a good defense."

Our Supreme Court held in Baker v. Baker, 143 Tex. 191, 183 S.W.2d 724: "The rule that parol evidence is inadmissible to contradict or vary the terms of a written instrument applies only to a written contract in force as a binding obligation. Parol evidence is always competent to show the nonexistence of a contract, or the conditions upon which it may become effective."

And Moore v. Wilson, Tex.Civ.App., Er. Ref., 138 S.W.2d 1099 states: "If it [a contract] is delivered into the possession of the

grantee upon a special condition * * it is but a conditional delivery; and such delivery does not become absolute, and the instrument does not become effective, until the happening of the contingency provided for. In such case it is proper to show the stipulated condition, to which end the true facts and circumstances evidencing the intention and agreement of the parties may be shown by parol evidence, and when thus ascertained will be given effect."

The San Antonio Court expressed the rule thusly in *Juliani v. Fitz-Gibbon*, Tex. Civ.App., 234 S.W.2d 448. "The general rule, of course, is that you cannot vary the terms of a written contract by parol evidence * * *. However, there is a well recognized exception to this general rule to the effect that you can always show that a written contract was delivered with the understanding that it was not to become effective until the happening of some future event and unless and until that event happened the contract does not come into existence as such and cannot be enforced."

*Thomason v. Berry*, Tex., 276 S.W. 185; *Perry v. Little*, Tex.Civ.App., NRE, 377 S.W.2d 765; and *Brewer v. Tedford*, Tex. Civ.App., NRE, 447 S.W.2d 479 are to the same effect.

 The evidence was admissible, was not in violation of the Parol Evidence Rule or the Statute of Frauds; and Crews' testimony that his banker and tax attorney did not approve was not hearsay.

All appellants' points have been considered and are overruled.

AFFIRMED.