Ferman Hoyt ALLRED, Appellant,

v.

PLAINS INSURANCE COMPANY, Appellee.

No. 6368.

Court of Appeals of Texas, Waco.

Nov. 30, 1981.

Rehearing Denied Dec. 31, 1981.

Robert J. Wilson, Robert J. Wilson & Associates, Inc., Burleson, for appellant.

Randy A. Nelson, Thompson, Coe, Cousins & Irons, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

Appellant Allred appeals from a take-nothing judgment against defendant Insurance Company in a worker's compensation case.

Plaintiff Allred sued defendant Insurance Company, (his employer's compensation carrier) alleging on March 1, 1979 he sustained injury to his back while in the course and scope of his employment; and sought judgment for 66⅔% of his average weekly wage for 401 weeks, plus medical and hospital expenses.

Trial was to a jury which found:

1) Plaintiff received an injury on March 1, 1979.

2) Plaintiff was injured in the course of his employment.

3) Plaintiff's injury was a producing cause of total incapacity.

3A) Plaintiff's total incapacity began March 2, 1979.

3B) Plaintiff's total incapacity ended August 28, 1979.

4) Plaintiff had worked in his employment for at least 210 days of the year preceding his injury.

5) Plaintiff's average daily wage was $80.

The trial court rendered judgment reciting a stipulation between the parties that plaintiff had been previously paid $5,050.00 compensation benefits by defendant as a result of the accident in litigation, and was entitled to credit of $5,050.00 for any recovery awarded plaintiff in this case; computed benefits plaintiff entitled to for total disability from March 2, to August 28, 1979 to be $2,730.00 (which is less than the $5,050.00 previously paid plaintiff); and decreed plaintiff take nothing against defendant, and taxed costs of court against plaintiff.

Plaintiff appeals on 3 points.

Point 1 asserts the trial court erred in admitting in evidence a letter from a Dr. Wood.

■ The letter was written two years prior to plaintiff's injury and concerned plaintiff's physical condition prior to the injury. The issue which the letter addressed was Issue 3, and the jury answered it favorable to plaintiff finding that his injury on March 1, 1979 was a producing cause of total incapacity. Assuming without deciding the admission of the letter was error, such was harmless where the issue to which the evidence applies was found in favor of the complaining party. Rule 434 TRCP; *Whited v. Powell*, 155 Tex. 210, 285 S.W.2d 364; *Womacks v. Horne*, CCA (Waco) NWH, Tex.Civ.App. 300 S.W.2d 765; *Lockett v. Redi-Fuel Transport, Inc.*, CCA (Eastland) NRE, Tex.Civ.App. 558 S.W.2d 902.

Point 2 asserts the trial court erred in submitting a definition of "sole cause" in its "producing cause" definition.

■ The complained of definition in the charge applied to Issue 3, which was answered in plaintiff's favor. A party cannot complain of an instruction upon an issue that is decided in that party's favor. *Turner v. General Motors Corp.*, S.Ct., Tex. 584 S.W.2d 844.

■ Point 3 asserts the evidence insufficient to support Issue 3B, and that the answer thereto is contrary to the great weight and preponderance of the evidence.

Issue 3B found plaintiff's total incapacity ended on August 28, 1979. Plaintiff con-

tends the evidence establishes plaintiff was not able to return to any physical employment activities for a longer time than the 26 weeks found by the jury.

There is evidence that plaintiff would be able to return to work within 2 months of June 12; that plaintiff was capable as of that time of doing light work; that plaintiff had been involved in at least 2 fights after the March 1 injury; that plaintiff had been observed planting grass, carrying heavy buckets, loading hay, picking up and carrying plywood doors and unloading sacks of feed after the March 1 injury.

While there is evidence which would have sustained a longer period of total disability, there is ample evidence to support the jury's answer to Issue 3, and such is not against the great weight and preponderance of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660.

All plaintiff's points are overruled.

AFFIRMED.