Eugene A. DURDEN, et ux., Beulah W. Durden, Appellants,

v.

CITY OF GRAND PRAIRIE and GSC Development Corporation, Appellees.

No. 18654.

Court of Appeals of Texas, Fort Worth.

Dec. 23, 1981.

Rehearing Denied Jan. 20, 1982.

Thorne, Thorne & Robertson, Inc. and Michael A. Robertson, Grand Prairie, for appellants.

R. Clayton Hutchins, City Atty., Grand Prairie, Vial, Hamilton, Koch, Tubb, Knox & Stradley and James H. Baumgartner, Jr., Dallas, for appellees.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

This suit involves the diversion of the natural flow of surface water. Eugene A. Durden and his wife, Beulah W. Durden filed this suit against the City of Grand Prairie, Texas in 1977 seeking compensation under Tex.Const. art. I, sec. 17 for property taken and, in the alternative, recovery of damages. The damages were based on negligence and nuisance theories. Injunctive relief was also sought. As to the negligence and nuisance theories the City affirmatively pleaded limitations. The GSC Development Corporation was later made a defendant but was later dismissed upon a joint motion and order stating the dismissal was with prejudice. When the City prosecuted a third party action against GSC, the Durdens sought to reactivate their alleged cause of action against GSC. After the Durdens had rested both defendants moved for an instructed verdict. A verdict was instructed that the Durdens take nothing and from this judgment the Durdens have appealed.

We affirm.

We first consider the Durden's cause of action against GSC. The trial court sustained GSC's plea in bar and abatement on the grounds that GSC had previously been dismissed with prejudice. The Durdens assert that the trial court committed error because the previous order of dismissal was actually without prejudice. We disagree.

■ The record reveals that the Durdens and GSC filed a joint motion to dismiss with the order of dismissal with prejudice attached as part thereof. We hold this to be sufficient evidence of an agreement between these two parties that the dismissal with prejudice have a binding effect. *See: Stein v. Lewisville Independent School District*, 481 S.W.2d 436 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n. r. e., cert. den. and app. dism'd 414 U.S. 948, 94 S.Ct. 272, 38 L.Ed.2d 203); *Dollert v. Pratt-Hewitt Oil Corporation*, 179 S.W.2d 346 (Tex.Civ.App.—San Antonio 1944, writ ref'd n. r. e., cert. den. 324 U.S. 853, 65 S.Ct. 713, 89 L.Ed. 1412). We hold that GSC was properly dismissed pursuant to the plea in bar and abatement.

■ In determining the propriety of an instructed verdict we must consider only the evidence and reasonable inferences which are favorable to the Durdens. *Kennedy v. Beasley*, 606 S.W.2d 1 (Tex.Civ.App.—Houston (1st Dist.) 1980, writ ref'd n. r. e.).

The Durdens purchased ten acres of land in 1960 in Grand Prairie. In 1969 streets and a sewer system were constructed by GSC adjacent to but not upon the Durden's property. The City approved the manner in which the storm sewer was constructed and later accepted the sewer system with the attendant responsibility of operating and maintaining the same.

The only two outlets of the street and storm sewer system were located adjacent to the Durden's property, about ten feet from their fence. During the years that followed, warehouses were constructed and parking lots paved on the adjacent property and surface water was funneled into the storm sewer system.

Before the development of the area water drained naturally across the Durden's property. Their property was covered with grass, trees and natural growth. This vegetation reduced the velocity of water draining across the property. A roadway provided access to the back five acres of the property.

Around 1976, after having been away from the property for many years, the Durdens returned to the property and found that several acres of their land flooded after heavy rains. The water subsided back into the channel after the rains ceased. Erosion caused the natural channel to become wider and deeper. Trees were uprooted. Chemicals were mixed in with the water, causing discoloration of the water and soil. When the water overflowed the banks, debris, such as plastic and twigs, was left caught on the underbrush. The channel never becomes completely dry and there is always at least a trickle of water running out of the outlets and across their property. The Durdens are unable to get to the back five acres of their property by vehicle.

## TAKING

■ Tex.Const. art. I, sec. 17 provides that "no person's property shall be taken, damaged ... without adequate compensation being made...." To establish a taking, in a case such as this, the Durdens must establish that the injury to their property is repeated and recurring rather than sporadic. *Brazos River Authority v. City of Graham*, 354 S.W.2d 99 (Tex.1961).

■ Viewing the evidence in the light most favorable to the Durdens we hold that the continuous flow of water across the subject property is of such a recurring nature so as to rise to the level of being a taking.

■ The issue has been raised as to the proper measure of damages. It is significant that the Durdens pleaded only for a taking under the constitution. Their damage contentions do not arise under the constitution. Both the Durdens and the City cite *Tarrant County W. Control and I Dist.*

*No. 1 v. Fowler*, 175 S.W.2d 694 (Tex.Civ. App.—Dallas 1943, writ ref'd w. o. m.). The court in *Fowler* was addressing a situation in which the plaintiffs therein had asserted both a taking and damages, together. There the court held that the proper measure of recovery was the decrease in value of the land at the time of trial. In arriving at its conclusion the court in *Fowler* cited cases which ostensibly dealt only with takings. These cases and authorities were to the effect that when questions as to taking are presented, apart from considerations of trespass, the proper time for the measurement of damages is the time of taking. We hold that the proper measure of damages in this case, because it involves a permanent injury to or taking of the Durden's property, is the decrease in the market value as measured by the difference in market value just prior to the time the improvements were constructed and the market value immediately subsequent to such construction. *Ansley v. Tarrant County Water Control and Improvement District No. One*, 498 S.W.2d 469 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.).

The Durdens produced an appraisal witness who had appraised the difference between the value of the land without the drainage problem and the value of the land with the drainage problem. This appraisal was as of 1979. The date relevant to the taking in this case is 1969, the year in which the sewer system was completed and the drainage problem first existed.

█ Inasmuch as the 1979 appraisal is the only evidence offered by the Durdens as to the decrease in market value we hold that the Durdens failed to produce evidence relevant to the proper measure of damages.

## NEGLIGENCE AND NUISANCE

█ The negligence and nuisance theories are governed by the two year statute of limitations in that they involve injury done to the Durden's property. Tex.Rev.Civ. Stat.Ann. art. 5526 sec. 1 (1959).

As to the negligence cause of action the Durdens pleaded that the City was negligent in these respects:

1. In maintaining and operating a storm sewer system which diverts the natural flow of surface water and directs it at a greater velocity and in greater volumes than would flow naturally.

2. In failing to provide a drainage system to prevent the diversion of surface water onto Plaintiffs' property in greatly increased volume and at a greater velocity than would flow naturally.

3. In unreasonably and intentionally permitting the construction of streets and storm sewers in Industrial Community No. 5 which diverted the natural flow of surface water across Plaintiffs' property.

4. In unreasonably and intentionally permitting the construction of buildings and parking lots in Industrial Community No. 5 which diverted the natural flow of surface water across Plaintiffs' property.

The Durdens have pleaded and introduced evidence that these acts caused permanent injury. "An action for permanent damages to land accrues for limitation purposes upon the first actionable injury." *Atlas Chemical Industries, Inc. v. Anderson*, 524 S.W.2d 681 (Tex.1975). This would also apply to actions in nuisance. It appears that each of the pleaded acts took place in 1969. Thus, the only reasonable inference from the record taken as a whole is that the injury allegedly caused by the City began in 1969 or shortly thereafter. We have been directed to no evidence to the contrary.

We hold that the negligence and nuisance causes of action are barred by the two year statute of limitations.

We have effectively disposed of all points of error. The judgment of the trial court is affirmed.