INDEMNITY INSURANCE COMPANY, Appellant

v.

CITY OF GARLAND, Appellee.

No. 05–06–01250–CV.

Court of Appeals of Texas, Dallas.

June 24, 2008.

27. *Cady,* 413 U.S. at 441, 93 S.Ct. at 2528.

James D. Stanton, Robert Grant Wood, Derek A. Cargill, Law Offices of James D. Stanton, L.P., Dallas, TX, for Appellant.

Kurt C. Banowsky, Scott D. Levine, Banowsky Betz & Levine, P.C., Dallas, TX, for Appellee.

Before Justices WRIGHT, MOSELEY, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Appellee's motion for rehearing is denied. We withdraw our opinion of April 4, 2008. This is now the opinion of the Court.

Indemnity Insurance Company appeals the trial court's order granting the City of Garland's motion for summary judgment and dismissing Indemnity's claims against the City. We reverse the judgment and remand this case to the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying event giving rise to Indemnity's lawsuit was an accident involving a City truck driven by a City employee named John Calvin Morrow that resulted in injuries to a man named Lee Otis Brown. Morrow was driving a City-owned rock-hauler truck to pick up a load of asphalt mix from an asphalt-production plant owned by APAC–Texas, Inc. (APAC). Brown worked in a guard shack at the entrance gate to the plant. To enter the plant, Morrow's truck had to cross over railroad tracks that run in front of the entrance. Brown was severely injured when a train struck the back of the City's truck as Morrow crossed over the tracks, swinging the trailer of the truck around and hitting the guard shack. Indemnity, APAC's workers' compensation carrier, paid Brown's workers' compensation claims.

Indemnity filed a subrogation lawsuit against the City under the Texas Tort Claims Act[1] (TTCA) for the alleged negligence of the City's employee, Morrow. It also filed an amended petition in which it added Morrow as a defendant because it was "admittedly unaware" that section 101.106 of the TTCA bars claims against a government employee after suit is filed against the governmental unit regarding the same subject matter. After discussions with the City, Indemnity agreed to dismiss its claims against Morrow. Indemnity initially intended to dismiss Morrow without prejudice, until counsel for the City sent an email stating, "Based on the language of the statute, we believe the dismissal should be with prejudice. If you cannot agree to that, I understand and will simply file a motion with the Court asking for the court to dismiss with prejudice." Indemnity agreed to dismiss its claims against Morrow with prejudice, and the trial court signed an agreed order dismissing Indemnity's claims against Morrow "with prejudice to their refiling."

After the court entered the order of dismissal, the City moved for summary judgment seeking dismissal of all claims against it on the ground that "[t]he agreed order of dismissal with prejudice of Indemnity's claims against the City's employee bars any recovery against the City." The trial court granted the City's motion and ordered that Indemnity "take nothing on its claims" "on the grounds that the agreed order of dismissal with prejudice of Indemnity's claims against the City's employee bars any recovery against the City."

In its sole issue on appeal, Indemnity argues that "[t]he Trial Court erred in granting the City's Motion for Summary Judgment because the dismissal of the City's employee with prejudice was not a judgment for purposes of section 101.106(d) of the Texas Tort Claims Act and did not operate as a bar to Indemnity's claims against the City."

---

1. TEX. CIV. PRAC. & REM.CODE ANN. § 101.001– .109 (Vernon 2005 and Supp.2007).

In response, the City argues that the trial court correctly granted summary judgment for one of three alternative reasons.[2] First, the City argues that the order of dismissal constituted a "judgment against" Morrow that, under section 101.106(d), also forever barred Indemnity's claims against the City. Second, the City argues that even if the order of dismissal is not a judgment against Morrow that bars Indemnity's claims against the City under section 101.106(d), it nevertheless operated to bar Indemnity's claims against the City because of section 101.021(1)(B), which requires that a government employee "would be personally liable to the claimant according to Texas law" in order to impose liability on a governmental unit for personal injury caused by its employee's negligent use of a motor vehicle on the job. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1)(B) (Vernon 2005). Under this alternative theory, the City argued to the trial court that the claims against the City are barred because, as a result of the dismissal with prejudice, "Morrow cannot have any liability to the claimant." Third, the City argues that even if the order of dismissal is not a judgment against Morrow that bars Indemnity's claims against the City under the TTCA, it nevertheless operated to bar Indemnity's claims against the City under principles of collateral estoppel. Under this alternative theory, the City argues that the claims against the City are derivative and are barred because claims against Morrow are barred by the order of dismissal with prejudice.

2. The City also contends that Indemnity "waived its right to challenge the agreed order of dismissal on appeal" for several reasons: (1) Indemnity agreed to the entry of that order; (2) Indemnity did not "assert any defense" to the dismissal in the trial court; (3) Indemnity did not challenge in this appeal the validity of the dismissal with prejudice;

and (4) Indemnity did not list Morrow as a party to this appeal. But Indemnity agrees that the dismissal of its claims against Morrow was mandatory and is not appealing that dismissal. Instead, it challenges the trial court's interpretation of the effect of that dismissal.

## APPLICABLE LAW

### A. Standard of Review

The function of summary judgment is not to deprive a litigant of its right to a full hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. *Turner v. Church of Jesus Christ of Latter-Day Saints,* 18 S.W.3d 877, 885 (Tex.App.-Dallas 2000, pet. denied) (citing *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952)). Because the propriety of a summary judgment is a question of law, we review the trial court's decision de novo. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994).

### B. Statutory Construction

The core issues in this case require us to construe sections 101.106 and 101.021(1)(B) of the TTCA. Statutory construction is a question of law, which we review de novo. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989); *Richardson Indep. Sch. Dist. v. GE Capital Corp.,* 58 S.W.3d 290, 293 (Tex.App.-Dallas 2001, no pet.). In construing a statute, our objective is to determine and give effect to the legislature's intent. *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001); *Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). When possible, the legislature's intent is determined by reading the language used in the particular statute and construing the statute in its entirety. *Helena Chem.,* 47 S.W.3d at 493.

### C. Limited Waiver of Governmental Immunity Under the TTCA

The TTCA provides a limited waiver of governmental immunity from suit and liability for certain claims. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021, 101.025 (Vernon 2005). For example, the TTCA allows plaintiffs to sue a governmental unit when a personal injury results from its employee's negligent "operation or use of a motor-driven vehicle" if the employee was "acting within his scope of employment" and "would be liable to the claimant according to Texas law." *Id.* § 101.021; *see also City of Arlington v. Barnes,* No. 02–07–00249–CV, 2008 WL 820385, at *2 (Tex. App.-Fort Worth March 27, 2008, no pet. h.) (mem.op.) ("a city waives its immunity for claims arising from the use of a motor driven vehicle by a governmental unit's employee"). The parties agree that the TTCA applies to the underlying claim.

### D. Section 101.106 of the TTCA

Prior to 2003, section 101.106 of the TTCA was entitled "Employees Not Liable After Settlement or Judgment" and barred claims against government employees after there was a judgment or settlement in a suit against their employer involving the same subject matter. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305 ("A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim."). In 2003, the legislature changed the title of section 101.106 to "Election of Remedies" and completely changed the text. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 11.05, 2003 Tex. Gen. Laws 847, 886 (current version at Tex. Civ. Prac. & Rem.Code Ann. § 101.106).

Section 101.106 now requires a plaintiff to decide between suing a governmental unit or its employee, and bars subsequent claims under specific procedural circumstances:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On

the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106; *see also Poland v. Willerson*, No. 01–07–00198–CV, 2008 WL 660334, at *9 (Tex. App.-Houston [1st Dist.] March 13, 2008, no pet. h.) ("current section 101.106 is an election-of-remedies provision, requiring the plaintiff carefully to select, at the time of the suit's filing, which defendant—the governmental unit or its employee—to sue"). The Texas Supreme Court recently explained why the legislature revised section 101.106:

> The revision's apparent purpose was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employee must use in defending redundant litigation and alternative theories of recovery. By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the [TTCA] or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs.

*Mission Consolidated Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex., 2008);

*see also Villasan v. O'Rourke*, 166 S.W.3d 752, 758 (Tex.App.-Beaumont 2005, pet. denied) (section 101.106 was revised "to simplify litigation by advancing to the filing of the original petition the plaintiff's final decision regarding whether the governmental official acted in the general scope of employment, rather than allowing plaintiffs to pursue alternative theories regarding the official's employment status through trial"). Section 101.106 "strongly favors dismissal of the governmental employees." *Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex.App.-Waco 2005, pet. denied).

### ANALYSIS

**A. Is the Agreed Order Dismissing Indemnity's Claims Against Morrow with Prejudice a "Judgment Against" Him that Now Bars Claims Against His Employer Under Section 101.106(d)?**

 Indemnity argues that the agreed order dismissing Indemnity's claims against Morrow with prejudice does not constitute a judgment "against" Morrow that bars Indemnity's claims against the City under section 101.106(d). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(d) ("[a] judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit."). The City disagrees.

To support its position, the City cites cases that construe the prior version of section 101.106[3] and argues that the rea-

---

**3.** *See, e.g., Schauer v. Morgan*, 175 S.W.3d 397, 398–99 (Tex.App.-Houston [1st Dist.] 2005, no pet.) (after trial court granted city's combined motion for summary judgment and plea to the jurisdiction based on governmental immunity for intentional torts, claims against government employee were barred

under prior section 101.106); *Bustillos v. Jacobs*, 190 S.W.3d 728, 733 (Tex.App.-San Antonio 2005, no pet.) ("a judgment granted in favor of a governmental unit based on the absence of statutory notice is a judgment for purposes of [prior] section 101.106"); *Cox v. Klug*, 855 S.W.2d 276, 280 (Tex.App.-Amarillo

soning in those cases "still holds true." For example, the City cites *Dallas County Mental Health and Mental Retardation v. Bossley,* 968 S.W.2d 339 (Tex.1998). In that case, the plaintiffs sued a governmental unit and its employees, and the trial court granted the governmental unit's plea to the jurisdiction based on governmental immunity. *Bossley,* 968 S.W.2d at 341. On appeal, the government employees argued that the dismissal of the claims against their employer rendered them immune from suit under the prior version of section 101.106. *Id.* In response, the plaintiffs argued that the prior version of 101.106 required a "judgment *against,* or settle[ment] with" the employer, and that a dismissal on a plea to the jurisdiction did not bar claims against the employees. *Id.* at 343. In construing that statute, however, the court concluded that "the immunity conveyed to a governmental unit's employees by [prior] Section 101.106 is triggered by *any* judgment in an action against a governmental unit, including a judgment in favor of the governmental unit," and that claims against the employees were barred because the claims against the employer were dismissed on its plea to the jurisdiction. *Id.* The City argues that the policy behind the statute has not changed and that, under current section 101.106(d), the judgment dismissing claims against Morrow should bar claims against the City. We disagree.

The prior and current versions of section 101.106 are materially different. As we noted, the prior section 101.106 simply required "a judgment" in order to bar a claim against a government employee. *Bossley,* 968 S.W.2d at 343 (construing prior version of section 101.106). The legislature added the word "against" after "judgment" in the current version of section 101.106(d), and changed the language to state that "a judgment *against* an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit." TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(d) (emphasis added). We must presume that the legislature changed the language and added the word "against" for a purpose. *See, e.g., Cities of Austin v. Sw. Bell Tel. Co.,* 92 S.W.3d 434, 442 (Tex.2002) ("we will presume that the Legislature used every word of a statute for a purpose"); *Lal v. Harris Methodist Fort Worth,* 230 S.W.3d 468, 474 (Tex.App.-Fort Worth 2007, no pet.) (citing *Am. Honda Motor Co., Inc. v. Tex. Dep't of Transp. Motor Vehicle Div.,* 47 S.W.3d 614, 621 (Tex.App.-Austin 2001, pet. denied)) ("The amendment of an act indicates that the legislature intended to change the original act by creating a new right or withdrawing an old one.").

The City also argues that the order dismissing Indemnity's claims against Morrow should be construed as a judgment "against" him because "Texas cases commonly refer to 'take-nothing judgments' as judgments 'against a party.' " [4]

1993, no writ) (under prior section 101.106, claim against government employee was precluded by prior take-nothing judgment on governmental unit's plea in bar based on failure to comply with statutory notice requirements of TTCA).

4. In its footnote supporting this statement in its brief, the City cites cases as follows:
 *Allred v. Plains Ins. Co.,* 626 S.W.2d 128 (Tex.App.-Waco 1981, writ ref'd n.r.e.)

("Appellant [ ] appeals from a take-nothing judgment against defendant"); *Alsup v. Mercantile Nat'l Bank,* 591 S.W.2d 308 (Tex.App.-Corpus Christi 1979, no writ) (trial court entered "a take-nothing judgment against defendants"); *Stockton v. Kroger Co.,* 559 S.W.2d 101 (Tex.Civ.App.-Dallas 1977, no writ) (trial court "granted defendant's motion for instructed verdict and entered a take-nothing judgment against de-

It contends that the use of the term "against" in some Texas cases "describes the party to whom the judgment is directed, not the favorable or unfavorable outcome of the cases." Those cases, however, do not resolve the issue of statutory construction in this case.[5]

Instead, we must construe words used in a statute according to their ordinary meaning unless the statute defines those words. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."); *Cities of Austin*, 92 S.W.3d at 442 (when construing statute, courts "accept the words used according to their ordinary meaning, unless given a specific statutory definition" and will not give words "an exaggerated, forced, or constrained meaning"). Because "against" is not a defined term in the TTCA, we construe it according to its ordinary meaning, which is "in opposition to." THE NEW OXFORD AMERICAN DICTIONARY 29 (1st ed.2001). And using its ordinary meaning, we conclude that a judgment is only "against" an employee for purposes of section 101.106(d) if it is "in opposition to" the employee.

We find support for our conclusion in the other subsections of section 101.106. For example, section 101.106(e) specifically provides that if suit is brought against both the governmental unit and any of its employees, the employees shall immediately be dismissed upon request of the governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). Similarly, section 101.106(f) provides that if the employee is sued first and the claim could have been brought against the governmental unit, the suit against the employee shall be dismissed upon the request of the employee, unless the plaintiff files amended pleadings dismissing the employee as a party and naming the governmental unit as a defendant. *Id.* § 101.106(f). The statute does not require dismissal of both the governmental unit and the employee. And if the legislature had intended the dismissals mandated by statute to also constitute judgments "against" the employees that forever bar any suit or recovery against the governmental unit under 101.106(d), we presume it would have said so. *See, e.g., Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981) ("It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose.").

In summary, the agreed order of dismissal did not constitute a "judgment against" Morrow for purposes of section 101.106(d).[6]

fendant"); *Taggart v. Crews*, 543 S.W.2d 422 (Tex.Civ.App.-Waco 1976, writ ref'd n.r.e.) ("Appeal by Plaintiff [ ] from a take-nothing judgment against defendant"); *Cox v. Cukier*, 540 S.W.2d 770 (Tex.Civ.App.-Waco 1976, no writ) ("this is an appeal by plaintiffs [ ] from a take-nothing judgment against defendants"); *Thomas v. Int'l Ins. Co.*, 527 S.W.2d 813 (Tex.Civ.App.-Waco 1975, writ ref'd n.r.e.) ( [a]ppeal by Plaintiff wherein "he was awarded a take-nothing judgment against defendant").

5. In its brief, the City also argues that construing section 101.106(d) to require a judgment that is truly against the employee "would suggest that, if the plaintiff sues an employee and litigates the case to an unsuccessful conclusion, 101.106 would not bar the plaintiff from filing a second suit against the governmental unit, since the judgment was not 'against' the employee." Although we do not decide that issue here, it appears that the express language of section 101.106(b) would preclude a subsequent suit against the governmental unit under those circumstances. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(b).

6. We reject the City's contentions that the statute required Morrow to file a motion before Indemnity's claims against him could be dismissed under section 101.106, and that the City's position is somehow improved because Indemnity dismissed its claims against Mor-

### B. Are Indemnity's Claims Against the City Now Barred by Section 101.021(1)(B)?

■ The City also argues that Indemnity's claims against the City were "entirely derivative of [Indemnity's] claim against Morrow" and that "dismissal of Morrow with prejudice barred any claims against the City based on the same conduct." The City relies on section 101.021(1)(B) of the TTCA, under which a governmental unit is liable for certain types of injuries caused by its employee if the employee was "acting within his scope of employment" and "would be personally liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1)(B). The City argues that, as a result of the agreed dismissal, Morrow cannot be personally liable for his negligence, and, as a result, Indemnity's claim against the City "no longer meets the requirements of Section 101.021." We disagree.

Section 101.021(1)(B) has been interpreted to mean that if a governmental unit's employee is entitled to official immunity, then the governmental unit is likewise immune from liability. *See DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex.1995) ("[i]f the employee is protected from liability by official immunity, the employee is not personally liable to the claimant and the government retains its sovereign immunity").

The City does not contend that the claims against it are barred because Morrow was entitled to official immunity. Instead, it argues that the claims against the City are barred because Morrow is no longer liable. The statute does not provide, however, "that a governmental unit is not liable if the employee would have been, but no longer is, liable." *Vidor Indep. School Dist. v. Bentsen*, No. 09–04–00401–CV, 2005 WL 1653873, at *2 (Tex.App.-Beaumont July 14, 2005, no pet.) (mem. op.). We conclude that Indemnity's claims against the City are not barred by section 101.021(1)(B).

### C. Are Indemnity's Claims Against the City Now Barred by Common–Law Principles of Collateral Estoppel?

■ The City also argues that the summary judgment was proper because "irrespective of the application of [section] 101.106, Texas common law clearly establishes that the Dismissal with Prejudice serves as a final judgment [that] bars [Indemnity's] claims against the City." Although the City does not use the term "collateral estoppel" or "issue preclusion" in its brief, it argues that "[t]he action against the City [ ] was entirely derivative of [Indemnity's] claims against Morrow" and "dismissal of Morrow with prejudice barred any claims against the City based on the same conduct." We construe this to be an argument that Indemnity's claims are barred by the doctrine of collateral estoppel. *See, e.g., Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992) ("Issue preclusion, or collateral estoppel, prevents relitigation of particular issues already resolved in a prior suit.").

The City argues that because Indemnity's dismissal of Morrow was "with preju-

row voluntarily. Indemnity agreed to a result that was inevitable, given the mandate of the statute. Under section 101.106(a), Indemnity's original petition against the City constituted Indemnity's irrevocable election to assert its negligence claims solely against the City. *Cf. Tex. Dep't of Agric. v. Calderon*, 221 S.W.3d 918 (Tex.App.-Corpus Christi 2007, no

pet.) (plaintiffs' initial suit against government employee rendered governmental unit immune from suit); *Villasan*, 166 S.W.3d at 758–59 (in suit filed against governmental unit and its employee, dismissal of employee was mandatory under TTCA, even though plaintiff tried to amend petition to remove governmental unit as defendant).

dice" and cannot be revoked, the dismissal constituted a "final judgment on the merits" concerning Morrow's alleged negligence. It then argues that Indemnity cannot hold the City liable for Morrow's negligence because it is precluded from establishing that Morrow was negligent. We disagree.

 A party seeking to invoke the doctrine of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (2) those facts were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the first action. *John G. and Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex.2002). To satisfy the third prong, it is only necessary that the party against whom the doctrine is asserted was a party or in privity with a party in the first action. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801–02 (Tex.1994).

 Collateral estoppel does not apply when claims are dismissed with prejudice without litigation of any issues. *See Sinton Sav. Ass'n v. Ellis*, 474 S.W.2d 281, 286 (Tex.App.-Corpus Christi 1971, writ ref'd n.r.e.) ("The record here shows that the federal case was not actually tried, but was settled by agreement of the parties without findings of the court. In that situation the judgment in the federal case did not bind the parties on any particular issue and the doctrine of collateral estoppel is not applicable in the instant case.") (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955)). Collateral estoppel only applies when the party against whom it is asserted "had a full and fair opportunity to litigate the issue in the prior suit." *Tarter v. Metro. Sav. & Loan Ass'n*, 744 S.W.2d 926, 927 (Tex.1988); *see also Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*,

962 S.W.2d 507, 519 (Tex.1998) ("Defensive collateral estoppel may be used to prevent relitigation by a plaintiff of issues previously lost in another proceeding."). And an issue has only been litigated, for purposes of collateral estoppel, if it was "properly raised, submitted for determination, and determined." *French v. Gill*, 206 S.W.3d 737, 744 (Tex.App.-Texarkana 2006, no pet.) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. d (1982)).

In this case, Indemnity dismissed its later-filed claims against Morrow because of the statutory mandate. But Indemnity maintained its original claims against the City in the same suit. The agreed order of dismissal with prejudice certainly barred subsequent claims by Indemnity against Morrow under principles of res judicata. *See Darden v. Kitz Corp.*, 997 S.W.2d 388, 392–393 (Tex.App.-Beaumont 1999, pet. denied) (order of dismissal with prejudice "will support a plea in bar if the plaintiff seeks to revive his action against the dismissed defendant"); *Durden v. City of Grand Prairie*, 626 S.W.2d 345, 347 (Tex.App.-Fort Worth 1981, writ ref'd n.r.e.) (same). But res judicata does not bar Indemnity's claims against the City. And collateral estoppel does not bar Indemnity's claims against the City for Morrow's alleged negligence because the issue of whether Morrow's negligence caused Brown's injuries was not litigated nor decided in a prior suit. *See Tarter*, 744 S.W.2d at 927 (collateral estoppel only applies when party against whom it is asserted had "full and fair opportunity to litigate the issue in a prior lawsuit"); RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. e (1982) ("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated."); *id.* § 51 cmt. f ("The settlement of a claim against one of several obligors generally does not result in the discharge of others liable for

the obligation[,] even though the liability of one obligor is derivative from another under principles of vicarious responsibility. Moreover, a judgment by consent, though it terminates the claim to which it refers, is not an actual adjudication.").[7]

We conclude that Indemnity's voluntary dismissal of its claims against Morrow in its lawsuit against the City does not constitute a prior adjudication acquitting Morrow of negligence so as to bar Indemnity's claims against the City under principles of collateral estoppel. *See Sinton Sav. Ass'n*, 474 S.W.2d at 286.[8]

### CONCLUSION

We conclude that the order dismissing Indemnity's claims against Morrow was not a judgment "against" Morrow for purposes of section 101.106(d) and that Indemnity's claims against the City are not barred under section 101.021(1)(B) or under principles of collateral estoppel.

We resolve Indemnity's sole issue on appeal in its favor. We reverse the summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.

---

7. *See also Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir.2002) ("A voluntary dismissal of a claim prior to any adjudication and without any stipulated findings of fact does not actually litigate any issue."); *Balbirer v. Austin*, 790 F.2d 1524, 1528 (11th Cir.1986) ("a consent judgment cannot constitute collateral estoppel unless the party pleading collateral estoppel proves from the record of the prior case or through extrinsic evidence that the parties intended the consent judgment to operate as a final adjudication of a particular issue").

8. *See also JFK Med. Ctr., Inc. v. Price*, 647 So.2d 833, 834 (Fla.1994) ("voluntary dismissal of the active tortfeasor, with prejudice, entered by agreement of the parties pursuant to settlement, is not the equivalent of an adjudication on the merits that will serve as a bar to continued litigation against the passive tortfeasor").