ACCEPTED
15-25-00121-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/21/2025 12:48 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00121-CV

# IN THE COURT OF APPEALS, 15ᵀᴴ DISTRICT OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/21/2025 12:48:11 PM
CHRISTOPHER A. PRINE
Clerk

## HAYS COUNTY, TEXAS, RUBEN BECERRA, DEBBIE INGALSBE, MICHELLE COHEN, MORGAN HAMMER, AND WALT SMITH, APPELLANTS

## V.

## LESLIE CARNES, JIM CAMP, CATHY RAMSEY, AND GABRIELLE MOORE, APPELLEES

ON APPEAL FROM THE 419ᵀᴴ JUDICIAL DISTRICT COURT,
TRAVIS COUNTY, TEXAS
CAUSE NO. D-1-GN-25-002049
THE HON. CATHERINE A. MAUZY, PRESIDING

## APPELLEES' RESPONSE TO THE PROPOSED DENIAL OF TRANSFER

BILL ALESHIRE
BAR NO. 24031810
ALESHIRELAW, P.C.
3605 SHADY VALLEY DR.
AUSTIN, TEXAS 78739
TELEPHONE: (512) 320-9155
CELL: (512) 750-5854
FACSIMILE: (512) 320-9156
BILL@ALESHIRELAW.COM

SAVE OUR SPRINGS ALLIANCE
WILLIAM G. BUNCH
STATE BAR NO. 03342520
BILL@SOSALLIANCE.ORG
ROBERT "BOBBY" LEVINSKI
STATE BAR NO. 24097993
BOBBY@SOSALLIANCE.ORG
4701 WESTGATE BLVD., D-401
AUSTIN, TX 78745
TEL: 512-477-2320
FAX: 512-477-6410

ATTORNEYS FOR APPELLEES

Appellees submit this response to the Court's letter of November 14, 2025, regarding the Court's majority proposed denial of the transfer of this case to the 3rd Court of Appeals. Appellees contend the Court lacks exclusive intermediate appellate jurisdiction because the Appellants' bond validation lawsuit was not "against" the Texas Attorney General.

## INTRODUCTION

The sole issue on the merits in this appeal is whether Hays County Commissioners Court violated the Texas Open Meetings Act (TOMA, Tex. Gov't Code ch. 551) and the trial court correctly reversed and voided the Order calling the bond election and granted Appellees' election contest. The jurisdictional issue for this Court is whether the case is "against" the Texas Attorney General.

The Attorney General was tangentially involved in the proceeding below because Hays County responded to Appellees/Plaintiffs' lawsuit alleging the TOMA violation with a bond-validation lawsuit under Tex. Gov't Code ch. 1205. As opposed to being a party litigant, the Attorney

General's role in the bond-validation case was to provide information and legal analysis to the trial court focused on the validity of the bonds. This is demonstrated by the Prayer in the Attorney General's pleading, asking only that the Court "enter such order as may be proper." The Attorney General has filed a waiver of submitting a brief in this appeal.

This Court's preliminary decision (Justice Field dissenting) that it has jurisdiction displaces the 3rd Court of Appeals, the appellate court with jurisdiction to hear an appeal of a district court's judgment under TOMA against a local governmental body within the 3rd Court's appellate district—which is what this appeal actually is.

## ARGUMENT & AUTHORITIES

### THE STATUTE AT ISSUE AND THE FACTS IN THIS CASE DO NOT DEMONSTRATE JURISDICTION FOR THE 15TH COURT OF APPEALS.

In this Court's letter of November 14, 2025 at page 2, the Court said, "Whether a suit falls within this exclusive jurisdiction provision depends on the terms of any governing statute and the facts *in each case*." (emphasis added). Appellees do not disagree with that statement. The governing statute involved is the Texas Open Meetings Act—over which this Court would have jurisdiction only if a state governmental body was

accused of violating the Act. The facts of *this case* all revolve around compliance with TOMA and do not involve any claim against any state official or office. Therefore, even if this Court believes that EDJA lawsuits are generally within its jurisdiction, it may well decide that given the law and facts at issue now in this appeal, the Court lacks jurisdiction.

THIS CASE IS NOT "AGAINST" THE TEXAS ATTORNEY GENERAL

This Court—instead of the 3rd Court of Appeals—has exclusive intermediate appellate jurisdiction in this case only if the bond-validation lawsuit was brought "against" the Texas Attorney General under the Expedited Declaratory Judgment Act (EDJA). *See* Tex. Gov't Code § 22.220(d)(1). In construing the EDJA use of the word "against," there are several principles that guide the Court. "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." Tex. Gov't Code Ann. § 311.011. As the Supreme Court said:

> Generally, we will accept the words used according to their ordinary meaning, unless given a specific statutory definition; we will not give them an exaggerated, forced, or constrained meaning. Also, we will presume that the Legislature used every word of a statute for a purpose. Finally, we will try to

> avoid construing a statutory provision in isolation from the rest of the statute; we should consider the act as a whole, and not just single phrases, clauses, or sentences.

*Cities of Austin, Dallas, Ft. Worth & Hereford v. Sw. Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex. 2002).

"Against" is not a term defined in the statute, so the Court applies its common meaning. "The word 'against' means 'in opposition or hostility to[.]' *Note Inv. Group, Inc. v. Associates First Capital Corp.*, 476 S.W.3d 463, 477 (Tex. App.—Beaumont 2015, no pet.)(*citing, Against,* Webster's Ninth New Collegiate Dictionary (1988); *see also Indem. Ins. Co. v. City of Garland*, 258 S.W.3d 262, 269 (Tex. App.—Dallas 2008, no pet.)(citing The New Oxford American Dictionary 29 (1st ed. 2001) as defining "against" as "in opposition to."); *see* https://thelawdictionary.org/against/ defining "against" as "adverse to; contrary; opposed to; without the consent of; in contact with."

If the Legislature had intended to give this Court even broader jurisdiction, it could have used words in the jurisdictional statute, Tex. Gov't Code § 22.220(d) to do so. For example, instead of giving this Court jurisdiction solely over matters brought "*against*" state personnel, the

Legislature could have also included any matter in which state personnel "*participate*"; or where it would be "*bound by the judgment*"; or any case in which the Attorney General "*must be served notice*" with the petition. Or the Legislature could easily have provided this Court with jurisdiction over all appeals of EDJA lawsuits. But that is not the choice the Legislature made.

The Court's jurisdictional statute does not contain language giving the Court broad jurisdiction, such as over cases considered "critical to the State's interests." *See* Court's 11/14/25 Letter, page 4. For example, challenges to the constitutionality of state statutes are certainly critical to the State's interests, but Tex. Gov't Code §22.220(d)(2) does not even give this Court jurisdiction over all cases challenging the constitutionality or validity of a state statute or rule; only those where "the attorney general is a party to the case." *See e.g.,* Tex. Civ. Prac. & Rem. Code §37.006(b); the statute requires that the Attorney General be served with a "copy of the proceedings" and that the Attorney General is entitled to be heard. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.006; *Nabelek v. Bradford,* No. 01-02-00359-CR, 2003 WL 1937200, at *2 (Tex.

App.—Houston [1st Dist.] Apr. 24, 2003, no pet.)(noting that in such cases, the Attorney General is entitled to be heard but does not require that the Attorney General be made a party defendant.). Thus, this Court does not have jurisdiction unless the Attorney General intervenes in the lawsuit challenging the constitutionality of state laws or rules.

This Court should not assert jurisdiction beyond the plain language in its jurisdictional statute. The Legislature restricted this Court's jurisdiction to suits "brought [ ] *against*" the state, and the EDJA is not such a case.

EDJA lawsuits are not brought "in opposition to" or in "hostility to" the Texas Attorney General or even styled "versus" the Texas Attorney General. Instead, the EDJA is a proceeding in rem and class action against all persons who reside, own property, are taxpayers in the area, or who have a claim in any property or money to be affected by the public securities. Tex. Gov't Code § 1205.023. The Attorney General is not a member of the class. Similarly, the EDJA "Notice to Interested *Parties*"—section 1205.041 (emphasis added)—does not include the Attorney General. The duties of the Attorney General in an EDJA lawsuit are to

advise the Court whether the Attorney General believes the bond-validation petition is defective or whether the bonds would be invalid or unauthorized. An EDJA is clearly not a lawsuit brought *versus*, or "against," the Attorney General. *Compare,* Tex. Gov't Code § 1205.042 (requiring only that the Attorney General be served a copy of the petition) *with* Tex. Gov't Code section 552.324(a)(1) permitting a governmental body to file suit seeking to withhold information from a requestor under the Texas Public Information Act if the suit "is filed in a Travis County district court *against* the attorney general...." (emphasis added).

## PRAYER

For these reasons, Appellees ask the Court to transfer the appeal to the 3rd Court of Appeals because the 15th Court of Appeals does not have jurisdiction over this TOMA case.

Respectfully submitted,

_____
Bill Aleshire
Texas Bar No. 24031810
AleshireLAW, P.C.
3605 Shady Valley Dr.
Austin, Texas 78739

Cell:      (512) 750-5854
Telephone:  (512) 320-9155
Facsimile:  (512) 320-9156
Bill@AleshireLaw.com

Save Our Springs Alliance
William G. Bunch
State Bar No. 03342520
bill@sosalliance.org
Robert "Bobby" Levinski
State Bar No. 24097993
bobby@sosalliance.org
4701 Westgate Blvd., D-401 Austin, TX 78745
Tel: 512-477-2320
Fax: 512-477-6410

ATTORNEYS FOR APPELLEES

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all parties of record via e-filing on this 21st day of November 2025.

MCGINNIS LOCHRIDGE LLP
1111 West Sixth Street, Building B, Suite 400
Austin, Texas 78703
512.495.6000 (telephone)
512.495.6093 (telecopier)
mshaunessy@mcginnislaw.com
idavis@mcginnislaw.com
ajones@mcginnislaw.com
jpiriano@mcginnislaw.com

Lynn Saarinen, Assistant Attorney General
ATTORNEY GENERAL OF TEXAS
FINANCIAL LITIGATION SECTION, GENERAL LITIGATION DIVISION
MC-017
P. O. Box 12548
Austin, Texas 78711-2548
lynn.saarinen@oag.texas.gov
***Attorney General of Texas***

The Honorable Jeffrey D. Kyle
Clerk of Court
Third Court of Appeals
P.O. Box 12547
Austin, TX 78711-2547
* DELIVERED VIA E-MAIL * thirdcoawebcontact@txcourts.gov

_____

Bill Aleshire

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

William Aleshire on behalf of Bill Aleshire
Bar No. 24031810
Bill@AleshireLaw.com
Envelope ID: 108337481
Filing Code Description: Response
Filing Description: APPELLEES' RESPONSE ON PROPOSED DENIAL OF TRANSFER
Status as of 11/21/2025 1:01 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Claude Heath | 9347500 | bheath@bickerstaff.com | 11/21/2025 12:48:11 PM | SENT |
| Ian M.Davis | | idavis@mcginnislaw.com | 11/21/2025 12:48:11 PM | SENT |
| Raymond Abarca | | Raymond.Abarca@oag.texas.gov | 11/21/2025 12:48:11 PM | SENT |
| Tristan AGarza | | tristan.garza@oag.texas.gov | 11/21/2025 12:48:11 PM | SENT |
| Michael Shaunessy | | mshaunessy@mcginnislaw.com | 11/21/2025 12:48:11 PM | SENT |
| Julie Denny | | jdenny@mcginnislaw.com | 11/21/2025 12:48:11 PM | SENT |
| Amy Botelho | | abotelho@mcginnislaw.com | 11/21/2025 12:48:11 PM | SENT |
| Austin Jones | | ajones@mcginnislaw.com | 11/21/2025 12:48:11 PM | SENT |
| Bill Aleshire | | bill@aleshirelaw.com | 11/21/2025 12:48:11 PM | SENT |
| Bill Bunch | | bill@sosalliance.org | 11/21/2025 12:48:11 PM | SENT |
| Bobby Levinski | | bobby@sosalliance.org | 11/21/2025 12:48:11 PM | SENT |
| William Gammon | | firm@gammonlawoffice.com | 11/21/2025 12:48:11 PM | SENT |
| Lynn Saarinen | | lynn.saarinen@oag.texas.gov | 11/21/2025 12:48:11 PM | SENT |
| Rosemarie Kanusky | | rkanusky@mphlegal.com | 11/21/2025 12:48:11 PM | SENT |
| Matthew PhilipHines | | mhines@mphlegal.com | 11/21/2025 12:48:11 PM | SENT |